# EXHIBIT 6

Jack N. Frost, Jr. Esq.
**FAEGRE DRINKER**
**BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932
(973) 549-7338
jack.frost@faegredrinker.com

*Counsel for Defendants*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK HALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>Defendants. | Civil Action No. 3:18-cv-01833-FLW-TJB<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States District Court for the District of New Jersey, Defendants Johnson & Johnson ("J&J" or the "Company"), Alex Gorsky, Carol Goodrich, Joan Casalvieri, and Tara Glasglow (collectively, "Defendants") hereby object and

1

respond to the First Set of Requests for Production of Documents (the "Requests") from Lead Plaintiff San Diego County Employees Retirement Association.

As the parties have discussed, and as described below in response to each specific Request, in response to these Requests, Defendants will produce:

(1) The "Global Production," which includes approximately 500,000 documents consisting of: (1) the documents, privilege logs, and certain expert reports and written discovery responses that J&J and its subsidiary Johnson & Johnson Consumer Inc. ("JJCI") have produced in tort litigation relating to Johnson's Baby Powder and Shower-to-Shower products; (2) the documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J and JJCI have produced to the Food and Drug Administration ("FDA"); (3) the documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the Department of Justice ("DOJ") and the U.S. Congress in the past two years; and (4) certain documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the Securities and Exchange Commission ("SEC") since April 2019;

(2) The "Global Production Scope Documents," which includes documents that describe the scope of the Global Production, including, but not limited to, a list of custodians whose documents are included in the Global Production, a list of non-custodial sources from which documents in the Global Production have been collected, and search terms used to prepare the Global Production;

(3) The "Supplemental Regulatory Production," which includes certain documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the SEC since April 2019, to the extent any such document is not included in the Global Production;

(4) The "Supplemental Regulatory Production Scope Documents," which includes documents that describe the scope of the Supplemental Regulatory Production;

2

(5) The "Trial Materials," which includes all trial transcripts and thousands of readily available exhibits from tort litigation relating to Johnson's Baby Powder and Shower-to-Shower products; and

(6) The "Interrogatory Responses," which includes hundreds of readily available sets of interrogatory responses that J&J and JJCI have served in current talc tort litigation.

## **GENERAL OBJECTIONS**

1. Defendants object to the Requests, including the Definitions, Instructions, and production specifications, to the extent they seek to impose duties upon Defendants not required by the Federal Rules, the Local Rules, the Discovery Confidentiality Order (ECF No. 66), the draft Agreed Order Regarding Electronic Discovery about which the parties are meeting and conferring, and/or any other applicable rules, orders, or agreements of the parties, on the ground that Plaintiff has no right to impose any such additional duties on Defendants. Defendants will only produce documents as required by and in accordance with these rules, orders, and agreements.

2. Defendants object to the Requests and Definitions to the extent they are overbroad, vague, or otherwise cause any Request to be subject to any of these general objections. In particular:

- Defendants object to Definition No. 5 on the grounds that neither a class nor a class period has been certified.

- Defendants object to Definition Nos. 4, 10, 12–15, and 21 as overbroad to the extent they seek to refer to anyone other than Gorsky, Casalvieri, Glasgow, or Goodrich, or any entity other than the DOJ, the SEC, or the FDA.

3

- Defendants object to Definition No. 18 as overbroad, including to the extent it seeks to define "Johnson & Johnson" as including J&J's "agents" and "accountants and advisors, and all other persons acting or purporting to act on [J&J's] behalf." Defendants further object to this Definition as vague to the extent it includes "directors" twice without any distinction between the two uses of the word.

3. Defendants object to the Requests to the extent they seek the production of documents that are not in their possession, custody, or control. Defendants' production of documents will consist solely of documents in the possession, custody, or control of J&J, JJCI, Gorsky, Casalvieri, Glasgow, and Goodrich.

4. Defendants object to the Requests to the extent they seek documents protected from discovery by the attorney-client privilege, common interest privilege, the work product doctrine, Federal Rule of Evidence 408, or any other applicable privilege, protection, immunity, law, or rule. Any production by Defendants of such protected documents is inadvertent and shall not be construed to constitute a waiver.

5. Defendants object to the Requests to the extent that they seek documents not relevant to the claims remaining in this case following the Court's Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50). By submitting these objections and responses, Defendants do not concede that any allegation is relevant to the remaining claims, or that any such claim has merit.

4

6.  In providing these objections and responses, Defendants do not admit any facts set forth in or assumed by the Requests, or that Defendants' responses constitute admissible evidence. Nor do Defendants waive any rights or objections.

7.  Defendants' objections and responses are based on their current knowledge and understanding of the facts, and the best information currently available. Defendants reserve the right to amend these objections and responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**:   Directories, organizational charts or other documents sufficient to identify Johnson & Johnson's organizational structure from 1969 to the present, including but not limited to all direct reports to defendants Gorsky, Goodrich, Casalvieri and Glasgow.

**RESPONSE**:   Defendants will produce the Global Production, which includes documents responsive to this Request. In addition to their General Objections, Defendants object to producing additional documents in response to this Request on the ground that such production would not be proportional to the needs of the case and would impose a burden or expense that outweighs its likely benefit. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request.

**REQUEST NO. 2**:   All deposition transcripts, notes and other statements produced, provided or received, as well as any exhibits or other documents referenced therein, in connection with any testimony or interview you gave to the FDA, U.S. Senate, U.S. House of Representatives, DOJ, SEC or any other federal or regulatory agency, entity, committee or task force, in response to any investigation, formal or informal inquiry or request for information relating to: (a) Johnson's Baby Powder, Shower-to-Shower product or talc used in Johnson &

5

Johnson products; (b) testing for asbestos or appropriate thresholds for the presence of asbestos in any consumer product; (c) Johnson & Johnson's commitment to product safety, quality assurance or research; or (d) statements made by Johnson & Johnson regarding the subjects identified in (a)-(c).

**RESPONSE**: Defendants will produce the Global Production and Supplemental Regulatory Production, which include documents responsive to this Request. In addition to their General Objections, Defendants object to producing additional documents in response to this Request on the grounds that such production would not be relevant to any parties' claims or defenses, and would not be proportional to the needs of the case and would impose a burden or expense that outweighs its likely benefit. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege and relevance.

**REQUEST NO. 3:** All documents, communications and Written Discovery you previously produced or provided to, or received from, the FDA, DOJ, SEC, U.S. Senate, U.S. House of Representatives or any other federal, state or regulatory agency, entity, committee or task force, in response to any investigation, formal or informal inquiry, or request for information relating to: (a) Johnson's Baby Powder, Shower-to-Shower product or talc used in Johnson & Johnson products; (b) testing for asbestos or appropriate thresholds for the presence of asbestos in any consumer product; (c) Johnson & Johnson's commitment to product safety, quality assurance or research; or (d) statements made by Johnson & Johnson regarding the subjects identified in (a)-(c).

**RESPONSE**: Defendants will produce the Global Production and Supplemental Regulatory Production, which include documents responsive to this Request. In addition to their General Objections, Defendants object to producing

6

additional documents in response to this Request on the grounds that such production would not be relevant to any parties' claims or defenses, and would not be proportional to the needs of the case and would impose a burden or expense that outweighs its likely benefit. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege and relevance.

**REQUEST NO. 4:** Documents sufficient to identify the document requests, final search terms, custodians and sources (both hard-copy and ESI) that you used in connection with each prior production responsive to Request for Production No. 3.

**RESPONSE**: Defendants will produce the Global Production Scope Documents and Regulatory Production Scope Documents in response to this Request. In addition to their General Objections, Defendants object to producing additional documents in response to this Request on the ground that such production would not be proportional to the needs of the case and would impose a burden or expense that outweighs its likely benefit.

**REQUEST NO. 5:** All documents, communications and Written Discovery that you previously produced, whether as a party or non-party, in connection with any tort action related to the safety of Johnson's Baby Powder, Shower-to-Shower or the talc used in Johnson & Johnson products.

**RESPONSE**: Defendants will produce the Global Production and the Interrogatory Responses, which include documents responsive to this Request. In addition to their General Objections, Defendants object to producing additional

7

documents in response to this Request on the ground that such production would not be proportional to the needs of the case and would impose a burden or expense that outweighs its likely benefit. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request.

**REQUEST NO. 6**:    Documents sufficient to identify the document requests, final search terms, custodians and sources of ESI you used in connection with any prior production responsive to Request for Production No. 5.

**RESPONSE**:    Defendants will produce the Global Production Scope Documents in response to this Request. In addition to their General Objections, Defendants object to producing additional documents in response to this Request on the ground that such production would not be proportional to the needs of the case and would impose a burden or expense that outweighs its likely benefit.

**REQUEST NO. 7:**    All deposition transcripts, interview notes or other statements produced in connection with any testimony you gave, whether as a party or non-party in connection with any tort action related to the safety of Johnson's Baby Powder, Shower-to-Shower or the talc used in Johnson & Johnson products, as well as any exhibits or other documents referenced therein.

**RESPONSE**:    Defendants will produce transcripts and exhibits from depositions of Gorsky, Goodrich, Casalvieri, Glasgow, and J&J corporate witnesses from tort actions relating to Johnson's Baby Powder and Shower-to-Shower products in response to this Request. In addition to their General Objections, Defendants object to this Request to the extent it seeks any additional documents as not proportional to the needs of the case and imposing a burden or

8

expense that outweighs its likely benefit. Defendants reasonably believe at this time that documents will be withheld on the basis of their objections to this Request, including on the basis of relevance and privilege.

**REQUEST NO. 8:** All transcripts produced in connection with any trial, arbitration or other final proceeding you were involved in, whether as a party or non-party, in connection with any tort action related to the safety of Johnson's Baby Powder, Shower-to-Shower or the talc used in Johnson & Johnson products, as well as any exhibits or other documents referenced therein.

**RESPONSE**: Defendants will produce the Trial Materials in response to this Request. In addition to their General Objections, Defendants object to producing additional documents in response to this Request on the ground that such production would not be proportional to the needs of the case and would impose a burden or expense that outweighs its likely benefit.

| | |
|---|---|
| Dated: April 27, 2020 | Respectfully submitted, |

/s/ Jack N. Frost, Jr.

Jack N. Frost, Jr. Esq.
**FAEGRE DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 549-7338
jack.frost@faegredrinker.com

Walter C. Carlson (admitted *pro hac vice*)
Kristen R. Seeger (admitted *pro hac vice*)
John M. Skakun III (admitted *pro hac vice*)
Christopher Y. Lee (admitted *pro hac vice*)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
wcarlson@sidley.com
kseeger@sidley.com
jskakun@sidley.com
chris.lee@sidley.com

Robert M. Stern (admitted *pro hac vice*)
**ORRICK HERRINGTON & SUTCLIFF LLP**
Columbia Center
1152 15th Street, N.W.
Washington D.C. 20005
Telephone: (202) 339-1706
rstern@orrick.com

*Counsel for Defendants*

# **CERTIFICATE OF SERVICE**

I, Jack N. Frost, hereby certify that on April 27, 2020, I caused the foregoing **Defendants' Responses and Objections to Plaintiff's First Set of Requests for Production of Documents** to be served by email on the following counsel:

*Counsel for Lead Plaintiff:*
James E. Cecchi (jcecchi@carellabyrne.com)
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ  07068
Telephone: 973/994-1700

Darren J. Robbins (darrenr@rgrdlaw.com)
Arthur C. Leahy (artl@rgrdlaw.com)
Robert R. Henssler Jr. (bhenssler@rgrdlaw.com)
Nathan R. Lindell (nlindell@rgrdlaw.com)
Hillary B. Staken (hstakem@rgrdlaw.com)
Matthew J. Balotta (mbalotta@rgrdlaw.com)
Alexander Mendoza (amendoza@rgrdlaw.com*)*
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058

*Counsel for Defendants:*
Walter C. Carlson (wcarlson@sidley.com)
Kristen R. Seeger (kseeger@sidley.com)
John M. Skakun III (jskakun@sidley.com)
Christopher Y. Lee (chris.lee@sidley.com)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois  60603
Telephone: 312/853-7000

Robert M. Stern (rstern@orrick.com)
**ORRICK HERRINGTON & SUTCLIFF LLP**
Columbia Center
1152 15th Street, N.W.
Washington D.C. 20005
Telephone: 202/339-1706

Dated April 27, 2020                          /s/ Jack N. Frost, Jr.

ACTIVE 255930510