# EXHIBIT 7

Jack N. Frost, Jr. Esq.
**FAEGRE DRINKER**
**BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
(973) 549-7338
jack.frost@faegredrinker.com

*Counsel for Defendants*

[Additional counsel appear on signature page]

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**DISTRICT OF NEW JERSEY**</u>

| | |
|---|---|
| FRANK HALL, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>      v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>                              Defendants. | No. 3:18-cv-01833-FLW-TJB<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF'S CORRECTED SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules

of the United States District Court for the District of New Jersey, Defendants

Johnson & Johnson ("J&J" or the "Company"), Alex Gorsky, Carol Goodrich,

Joan Casalvieri, and Tara Glasglow (collectively, "Defendants") object and

respond to the Corrected Second Set of Requests for Production of Documents (the

"Requests") from Lead Plaintiff San Diego County Employees Retirement

Association.

## DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1.      "Additional Documents" means any additional responsive, relevant, non-privileged documents, to the extent they exist and are not included in the Global Production, Supplemental Regulatory Production, or Trial Materials, that Defendants identify after conducting an ESI collection and review, the parameters of which will be discussed by the parties in a meet and confer.

2.      "Global Production" means the approximately 500,000 documents consisting of:  (1) the documents, privilege logs, and certain expert reports and written discovery responses that J&J and its subsidiary Johnson & Johnson Consumer Inc. ("JJCI") have produced in tort litigation relating to Johnson's Baby Powder and Shower-to-Shower products; (2) the documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J and JJCI have produced to the Food and Drug Administration ("FDA"); (3) the documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the Department of Justice ("DOJ") and the U.S. Congress in the past two years; and (4) certain documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the Securities and Exchange Commission ("SEC") since April 2019.  The Global Production is supplemented

from time to time by J&J's outside counsel who maintain it.  Supplements made prior to the substantial completion of document production will be produced.

3.      "Including" means including but not limited to.

4.      "Interrogatory Responses" mean the hundreds of readily available sets of interrogatory responses that J&J and JJCI have served in current talc tort litigation.

5.      "Supplemental Regulatory Production" means certain documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the SEC since April 2019 and that are not included in the Global Production.

6.      "Trial Materials" means all trial transcripts and thousands of readily available exhibits from tort litigation relating to Johnson's Baby Powder and Shower-to-Shower products.

## <u>GENERAL OBJECTIONS</u>

1.      Defendants object to the Requests, including the Definitions, Instructions, and production specifications, to the extent they seek to impose duties upon Defendants not required by the Federal Rules, the Local Rules, the Discovery Confidentiality Order (ECF No. 66), the draft Agreed Order Regarding Production of Documents and ESI about which the parties are meeting and conferring, and/or any other applicable rules, orders, or agreements of the parties, on the ground that

Plaintiff has no right to impose any such additional duties on Defendants.

Defendants will only produce documents as required by and in accordance with

these rules, orders, and agreements.

2.    Defendants object to the Requests and Definitions to the extent they

are overbroad, vague, or otherwise cause any Request to be subject to any of these

general objections.  In particular:

- Defendants object to Definition Nos. 9 and 10 as not relevant to any parties' claims or defenses to the extent they refer to anything other than the six forms of asbestos referenced in the First Amended Complaint and recognized by government agencies and other organizations:  chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite asbestos, amosite, and crocidolite.

- Defendants object to Definition Nos. 3, 11, 12, 16, 18–22, 31, 32, 36, and 37, as not relevant to any parties' claims or defenses to the extent they refer to anyone other than Gorsky, Casalvieri, Glasgow, or Goodrich, or any entity other than the DOJ, SEC, FDA, CRE, CFTA, IARC, NCI, NTP, or USP.

- Defendants object to Definition No. 25 as not relevant to any parties' claims or defenses to the extent it refers to anyone other than Imerys Talc America, Inc., Luzenac America, Rio Tinto Minerals, Inc., Cyprus Mines Corporation, Cyprus Amax Minerals Company, or Windsor Minerals.

- Defendants object to Definition No. 26 as not relevant to any parties' claims or defenses to the extent it refers to anything other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.

- Defendants object to Definition No. 29 as not relevant to any parties' claims or defenses, including to the extent it defines "Johnson & Johnson" as including J&J's "agents" and "accountants and advisors, and all other persons acting or purporting to act on [J&J's] behalf."

4

Defendants further object to this Definition as vague to the extent it includes "directors" twice without any distinction between the two uses of the word.

3.      Defendants object to the Requests to the extent they seek the production of documents that are not in their possession, custody, or control. Defendants' production of documents will consist solely of documents in the possession, custody, or control of J&J, JJCI, Gorsky, Casalvieri, Glasgow, and Goodrich.

4.      Defendants object to the Requests to the extent they seek documents protected from discovery by the attorney-client privilege, common interest privilege, the work product doctrine, Federal Rule of Evidence 408, or any other applicable privilege, protection, immunity, law, or rule.  Any production by Defendants of such protected documents is inadvertent and shall not be construed to constitute a waiver.

5.      Defendants object to the Requests to the extent that they seek documents not relevant to the claims remaining in this case following the Court's Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50).  By submitting these objections and responses, Defendants do not concede that any allegation is relevant to the remaining claims, or that any such claim has merit.

6.      Defendants object to the Requests as not proportional to the needs of the case to the extent they seek recordings, audio files, or video files of statements,

including to the extent they seek recordings, audio files, or video files of statements for which transcripts are available.  Defendants further state that recordings, audio files, and video files, particularly of depositions, trial testimony, and interviews, are often not contemporaneously collected, are not maintained systematically, and may not be available to Defendants.

7.     Defendants object to the Requests to the extent they are not limited in time. The time parameters of Additional Documents produced will be discussed by the parties in a meet and confer.

8.     In providing these objections and responses, Defendants do not admit any facts set forth in or assumed by the Requests, or that Defendants' responses constitute admissible evidence.  Nor do Defendants waive any rights or objections.

9.     Defendants' objections and responses are based on their current knowledge and understanding of the facts, and the best information currently available.  Defendants reserve the right to amend these objections and responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 9:**  All documents responsive to Requests for Production Nos. 2-8 and created prior to the close of fact discovery in this case, to be produced on an ongoing basis.

**RESPONSE:**  Defendants incorporate by reference their objections and responses to Request Nos. 2-8.  Subject to and without waiver of their general and specific objections, Defendants will produce, prior to the substantial completion of

document production, (1) supplements to the Global Production, which are prepared

and produced from time to time by outside counsel who maintain the Global

Production, and (2) additional Trial Materials, which will be produced at reasonable

intervals.  Defendants object to additional production beyond that described in this

Response or required by the Federal Rules as not proportional to the needs of the

case.

**REQUEST NO. 10:**  To the extent not produced in response to the prior
requests, all recordings, audio files and video files concerning any deposition, trial,
testimony or interview relating to: (a) Johnson's Baby Powder, Shower-to-Shower
product or talc used in J&J products; (b) testing for asbestos or appropriate thresholds
for the presence of asbestos in any consumer product; (c) J&J's commitment to
product safety, quality assurance or research; or (d) statements made by J&J
regarding the subjects identified in (a)-(c). Additionally, this request seeks any such
responsive files created prior to the close of fact discovery in this case, to be
produced on an ongoing basis.

**RESPONSE:**  Defendants incorporate their objections and responses to

Request No. 7.  Defendants further object to this Request on the grounds that it is

not relevant and not proportional to the needs of the case, including because (1)

recordings, audio files, and video files are often not contemporaneously collected,

are not maintained systematically, and may not be available to Defendants, (2)

Defendants will produce written transcripts in accordance with their response to

Request No. 7, and (3) the phrase "J&J's commitment to product safety, quality

assurance or research" is overbroad.  Subject to and without waiver of their general

and specific objections, Defendants agree to meet and confer with Plaintiff about

specific recordings responsive to this Request that Plaintiff identifies.  Defendants

reasonably believe at this time that documents may be withheld on the basis of their

objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 11:**  All documents concerning any of the Defendants'
statements alleged in the Complaint, including, but not limited to: (a) all drafts and
final versions of call transcripts, scripts, financial statements or any other
documents concerning such statements; (b) all communications concerning such
statements or the documents containing such statements; (c) all recordings, audio
files and video files concerning such statements; and (d) all versions of J&J-
affiliated websites referenced in the Complaint.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks

documents that concern statements alleged in the Complaint that are not at issue

following the Court's Opinion and Order dated December 27, 2019 (ECF Nos. 49

and 50), and is not limited in time.  Defendants further object to this Request to the

extent it is not proportional to the needs of the case, including to the extent that it

seeks recordings, audio files and video files of statements for which transcripts are

available.  Subject to and without waiver of their general and specific objections,

Defendants will produce the Global Production and Supplemental Regulatory

Production, which include documents responsive to this Request, and Additional

Documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 12:**  All documents concerning any communications, conference calls, presentations or meetings with any J&J shareholders or institutional investors concerning: (a) J&J Talc or J&J Powder Product(s); (b) J&J's commitment to product safety, quality assurance and research; or (c) any tort action or federal or state investigation, inquiry or regulatory action, whether formal or informal, related to the same. The relevant time period for this request is February 22, 2013 through the date of your production.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant and not proportional to the needs of the case, including (1) because of the overbreadth of the phrase "J&J's commitment to product safety, quality assurance and research," and (2) to the extent it seeks, without any time limitation, documents related to any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower. Subject to and without waiver of their general and specific objections, Defendants will produce the Global Production and Supplemental Regulatory Production, which include documents responsive to this Request, and Additional Documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections, including on the basis of privilege and relevance.

**REQUEST NO. 13:**  To the extent not produced in response to the prior requests, all recordings, audio files and video files concerning any communications, conference calls, presentations or meetings with any J&J shareholders or institutional investors concerning: (a) J&J Talc or J&J Powder Product(s); (b) J&J's commitment to product safety, quality assurance and research; or (c) any tort action or federal or state investigation, inquiry or regulatory action, whether formal or informal, related to the same.  The relevant time period for this request is February 22, 2013 through the date of your production.

9

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant and not proportional to the needs of the

case, including (1) because of the overbreadth of the phrase "J&J's commitment to

product safety, quality assurance and research," and (2) to the extent it seeks,

without any time limitation, documents related to any J&J products other than the

talcum powder products Johnson's Baby Powder and Shower-to-Shower.

Defendants further object to this Request to the extent it is not proportional to the

needs of the case, including to the extent it seeks and recordings, audio files, and

video files of statements for which transcripts are available.  Subject to and without

waiver of their general and specific objections, Defendants will produce the Global

Production, which includes documents responsive to this Request, and Additional

Documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections, including on the

basis of privilege, relevance, and proportionality.

**REQUEST NO. 14:**  All documents concerning any communications,
conference calls, presentations or meetings with any financial analysts or investment
bankers concerning:  (a) J&J Talc or J&J Powder Product(s); (b) J&J's commitment
to product safety, quality assurance and research; or (c) any tort action or federal or
state investigation, inquiry or regulatory action, whether formal or informal, related
to the same.  The relevant time period for this request is February 22, 2013 through
the date of your production.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant and not proportional to the needs of the

case, including (1) because of the overbreadth of the phrase "J&J's commitment to

product safety, quality assurance and research," and (2) to the extent it seeks,

without any time limitation, documents related to any J&J products other than the

talcum powder products Johnson's Baby Powder and Shower-to-Shower. Subject to

and without waiver of their general and specific objections, Defendants will

produce the Global Production and Supplemental Regulatory Production, which

include documents responsive to this Request, and Additional Documents

responsive to this Request. Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections, including on the basis

of privilege and relevance.

**REQUEST NO. 15:**  To the extent not produced in response to the prior
requests, all recordings, audio files and video files concerning any
communications, conference calls, presentations or meetings with any J&J
financial analysts or investment bankers concerning: (a) J&J Talc or J&J Powder
Product(s); (b) J&J's commitment to product safety, quality assurance and research;
or (c) any tort action or federal or state investigation, inquiry or regulatory action,
whether formal or informal, related to the same.  The relevant time period for this
request is February 22, 2013 through the date of your production.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and

research," and (2) to the extent it seeks, without any time limitation, documents

related to any J&J products other than the talcum powder products Johnson's Baby

Powder and Shower-to-Shower. Defendants further object to this Request to the

extent it is not proportional to the needs of the case, including to the extent it seeks

recordings, audio files, and video files of statements for which transcripts are

available.  Subject to and without waiver of their general and specific objections,

Defendants will produce the Global Production, which includes documents

responsive to this Request, and Additional Documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections, including on the basis of privilege, relevance, and

proportionality.

**REQUEST NO. 16:**  All documents concerning any communications,
conference calls, presentations or meetings with any news reporters, journalists or
publications concerning: (a) J&J Talc or J&J Powder Product(s); (b) J&J's
commitment to product safety, quality assurance and research; or (c) any tort action
or federal or state investigation, inquiry or regulatory action, whether formal or
informal, related to the same.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and

research," and (2) to the extent it seeks, without any time limitation, documents

related to any J&J products other than the talcum powder products Johnson's Baby

Powder and Shower-to-Shower. Defendants further object to this Request to the

extent it is not proportional to the needs of the case, including to the extent it seeks

documents not included in the Global Production and Supplemental Regulatory

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production and Supplemental Regulatory

Production, which include documents responsive to this Request.  Defendants

reasonably believe at this time that documents may be withheld on the basis of their

objections to this Request, including on the basis of privilege, relevance, and

proportionality.

**REQUEST NO. 17:**  To the extent not produced in response to the prior
requests, all recordings, audio files and video files concerning any
communications, conference calls, presentations or meetings with any news
reporters, journalists or publications concerning: (a) J&J Talc or J&J Powder
Product(s); (b) J&J's commitment to product safety, quality assurance and research;
or (c) any tort action or federal or state investigation, inquiry or regulatory action,
whether formal or informal, related to the same.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and

research," and (2) to the extent it seeks, without any time limitation, documents

related to any J&J products other than the talcum powder products Johnson's Baby

Powder and Shower-to-Shower. Defendants further object to this Request to the

extent it is not proportional to the needs of the case, including to the extent it seeks

(1) recordings, audio files, and video files of statements for which transcripts are

available, and (2) documents not included in the Global Production.  Subject to and

without waiver of their general and specific objections, Defendants will produce

only the Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of privilege,

relevance, and proportionality.

**REQUEST NO. 18:**  All documents concerning J&J's share price, market
capitalization, number of shareholders, volume of shares traded and/or the value of
J&J's common stock, including, but not limited to, documents regarding price
movements in J&J common stock and analyst or industry reports on J&J common
stock.  The relevant time period for this request is February 22, 2013 through the
date of your production.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant and not proportional to the needs of the

case, including to the extent the time period goes beyond 90 days after December

14, 2018, the date of the last alleged corrective disclosure.  Subject to and without

waiver of their general and specific objections, Defendants will produce the Global

Production and the Supplemental Regulatory Production, which include documents

responsive to this Request, and Additional Documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of privilege,

relevance, and proportionality.

**REQUEST NO. 19:**  All documents concerning J&J's reputation, public
image or trust with consumers, patients or medical professionals, potentially or
actually being impacted by any event (including, but not limited to, past or ongoing
litigation) relating to any J&J Powder Product, talc or asbestos.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to any J&J product other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Subject to and

without waiver of their general and specific objections, Defendants will produce the

Global Production, which includes documents responsive to this Request, and

Additional Documents responsive to this Request.  Defendants reasonably believe

at this time that documents may be withheld on the basis of their objections,

including on the basis of privilege and relevance.

**REQUEST NO. 20:**  All documents concerning Johnson's Baby products
and their connection with, influence on, impact on or utility to J&J's reputation,
public image or customer recognition, or the trust of consumers, patients, J&J
employees, medical professionals, investors or the public, including, but not limited
to, documents concerning: (a) Johnson's Baby products' brand, product or scent
recognition or association; or (b) corporate branding activities or marketing
campaigns relating to Johnson's Baby.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to any J&J product other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Subject to and

without waiver of their general and specific objections, Defendants will produce the

Global Production, which includes documents responsive to this Request, and

Additional Documents responsive to this Request. Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections, including

15

on the basis of privilege and relevance.

**REQUEST NO. 21:**  All documents concerning consumers' associations with the fragrance of Johnson's Baby Powder, including, but not limited to, documents concerning formal or informal studies, focus groups or polling regarding such associations.

**RESPONSE:**  In addition to their general objections, Defendants object to

this request to the extent it is not relevant, including to the extent it seeks

documents without any time limitation.  Defendants further object to this Request to

the extent it is not proportional to the needs of the case, including to the extent that

it seeks documents not included in the Global Production.  Subject to and without

waiver of their general and specific objections, Defendants will produce only the

Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of relevance and

proportionality.

**REQUEST NO. 22:**  All documents concerning labeling of J&J Powder Product(s), including, but not limited to, documents concerning potential or actual directions, warnings or any other text or image(s).

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 23:**  All documents concerning any advertisement of J&J Powder Product(s) or J&J's baby franchise products, including, but not limited to, documents concerning any communications with media outlets regarding the potential or actual publication of such advertisements.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

17

**REQUEST NO. 24:**  To the extent not produced in response to the prior requests, all recordings, audio files and video files concerning any advertisement of J&J Powder Product(s) or J&J's baby franchise products, including, but not limited to, documents concerning any communications with media outlets regarding the potential or actual publication of such advertisements.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent that it (1) seeks recordings, audio files, and video files

of statements for which transcripts are available, and (2) seeks documents not

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request.  Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance and proportionality.

**REQUEST NO. 25:**  All documents, whether composed by J&J or others, concerning the marketing or publicity of J&J Powder Product(s) through social media platforms, including, but not limited to, YouTube, Twitter, Snapchat, Facebook, Instagram and blogging, including marketing or publicity not attributed to J&J.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

18

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Subject to and

without waiver of their general and specific objections, Defendants will produce the

Global Production, which includes documents responsive to this Request, and

Additional Documents responsive to this Request.  Defendants reasonably believe

at this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance and proportionality.

**REQUEST NO. 26:**  All documents concerning demonstrations of the use
of J&J Powder Product(s).

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request because "demonstrations" is vague. Defendants further object to this

Request to the extent it is not relevant, including to the extent it seeks, without any

time limitation, documents related to J&J products other than the talcum powder

products Johnson's Baby Powder and Shower-to-Shower.  Defendants also object to

this Request to the extent it is not proportional to the needs of the case, including to

the extent it seeks documents not included in the Global Production.  Subject to and

without waver of their general and specific objections, Defendants will produce

only the Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of relevance and

proportionality.

**REQUEST NO. 27:**  Documents sufficient to identify the ingredients (and proportions and/or percentages thereof) of J&J Powder Product(s), including any changes to the ingredients.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 28:**  Documents concerning the sources of J&J Talc, including, but not limited to:  (a) documents sufficient to identify the suppliers and mines (by name and location) of such talc and the time periods in which J&J Talc was sourced from such suppliers and mines; and (b) all documents concerning the selection, approval, qualification, certification or evaluation of sources of J&J Talc.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks

documents without any time limitation.  Defendants further object to this Request to

the extent it is not proportional to the needs of the case, including to the extent it

seeks documents not included in the Global Production.  Subject to and without

waiver of their general and specific objections, Defendants will produce only the

Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of relevance and

proportionality.

**REQUEST NO. 29:**  Documents sufficient to identify all entities involved
in the production or manufacturing of J&J Talc or any J&J Powder Product,
including, but not limited to, all entities involved in mining, milling, processing,
manufacturing, storing, bottling or packaging relating to J&J Talc or any J&J
Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

21

**REQUEST NO. 30:**  All documents concerning any actual or contemplated decision to cease manufacturing or selling any J&J Powder Product containing talc.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which will include documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 31:**  All documents concerning any actual, potential or contemplated decision to use cornstarch as an ingredient in any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 32:**  All documents concerning any studies or data relating to
cornstarch as an actual or potential ingredient in any cosmetic powder product,
including, but not limited to, any market studies concerning cornstarch, and any
safety studies or comparative safety data concerning talc and cornstarch.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to "any cosmetic powder product."

Defendants further object to this Request to the extent it is not proportional to the

needs of the case, including to the extent it seeks documents not included in the

Global Production.  Subject to and without waiver of their general and specific

objections, Defendants will produce only the Global Production, which includes

documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 33:**  All documents concerning communications with any
talc-mining entity regarding J&J Talc or any J&J Powder Product.

**RESPONSE:** In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower. Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production. Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 34:** All documents concerning any potential, suspected, alleged or actual presence of asbestos or other contaminant(s) in talc or talc-containing powder, including in J&J Talc or any J&J Powder Product.

**RESPONSE:** In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to (1) any "other contaminant(s)" besides the six forms of asbestos referenced in the First Amended Complaint and recognized by government agencies and other organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite asbestos, amosite), and (2) J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.

24

Defendants further object to this Request to the extent it is not proportional to the

needs of the case, including to the extent it seeks documents not included in the

Global Production.  Subject to and without waiver of their general and specific

objections, Defendants will produce only the Global Production, which includes

documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 35:**  All documents concerning the testing or analysis of
any materials for the presence of asbestos or elongate particles, including, but not
limited to, all documents concerning test methods, sample preparation, procedures,
equipment, protocols, specifications, guidelines, detection limits, frequency of
testing or any other aspects of such testing or analysis.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to (1) the testing or analysis of "any

materials" and (2) the vague term "elongate particles."  Defendants further object to

this Request to the extent it is not proportional to the needs of the case, including to

the extent it seeks documents not included in the Global Production.  Subject to and

without waiver of their general and specific objections, Defendants will produce

only the Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of relevance and

proportionality.

**REQUEST NO. 36:**  All documents concerning any potential or actual testing or analysis of J&J Talc or any J&J Powder Product for the presence of asbestos or any other potential, suspected, alleged or actual contaminant, including, but not limited to, all related test reports and all documents concerning: (a) test methods, sample acquisition, sample preparation, procedures, equipment, protocols, specifications, guidelines, detection limits, frequency of testing or audits; or (b) the individuals or entities performing any such testing.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to (1) any "alleged or actual contaminant" other than the six forms of asbestos referenced in the First Amended Complaint and recognized by government agencies and other organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite asbestos, amosite, and crocidolite), and (2) J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production. Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 37:**  All documents concerning quality assurance relating to J&J Talc and J&J Powder Product(s), including, but not limited to, documents

26

concerning: (a) inspections or audits of entities related to J&J Talc or J&J Powder Product(s), such as manufacturers or testing facilities; (b) quality assurance testing of J&J Talc or J&J Powder Product(s); (c) quality assurance policies and processes relating to J&J Talc or J&J Powder Product(s); or (d) specifications for J&J Talc or J&J Powder Product(s).

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 38:**  All documents concerning any actual or contemplated decision to recall any J&J Talc or J&J Powder Product by J&J or any other entity.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including (1) to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower, and (2) because of the overbreadth of the phrase "any other entity."  Defendants further

object to this Request to the extent it is not proportional to the needs of the case,

including to the extent it seeks documents not included in the Global Production.

Subject to and without waiver of their general and specific objections, Defendants

will produce only the Global Production, which includes documents responsive to

this Request.  Defendants reasonably believe at this time that documents may be

withheld on the basis of their objections to this Request, including on the basis of

relevance and proportionality.

      **REQUEST NO. 39:**  All documents concerning any methods, experiments,
efforts or activities relating to removing, destroying, preventing, decreasing or
otherwise affecting any potential or actual contaminant of talc or powder,
including asbestos.

      **RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to (1) "any potential or actual contaminant"

other than the six forms of asbestos referenced in the First Amended Complaint and

recognized by government agencies and other organizations (chrysotile, tremolite

asbestos, actinolite asbestos, anthophyllite asbestos, amosite, and crocidolite), and

(2) J&J products other than the talcum powder products Johnson's Baby Powder

and Shower-to-Shower.  Defendants further object to this Request to the extent it is

not proportional to the needs of the case, including to the extent it seeks documents

not included in the Global Production.  Subject to and without waiver of their

general and specific objections, Defendants will produce only the Global

Production, which includes documents responsive to this Request.  Defendants

reasonably believe at this time that documents may be withheld on the basis of their

objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 40:**  All Material Safety Data Sheets relating to J&J Talc or any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 41:**  All documents concerning safety as it relates to talc, talc-containing powder, J&J Talc or J&J Powder Product(s), including, but not limited to, documents concerning: (a) any contemplated or actual studies, evaluations or reviews of safety relating to any J&J Powder Product, J&J Talc or any other material or substance potentially, allegedly or actually present in any J&J Powder Product; (b) safety policies, precautions and/or monitoring relating to J&J Talc or any J&J Powder Product; (c) adverse event reports relating to J&J Talc or any J&J Powder Product; and (d) any contemplated or actual warning labels on J&J Talc or any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 42:**  All documents concerning any potential or actual workplace safety measures, policies or procedures with regards to processing, manufacturing, storing, handling, bottling, packaging, distributing or otherwise disturbing J&J Talc, J&J Powder Product(s) or any other talc or powder products, including, but not limited to, all documents concerning the actual or potential use of masks, respirators or other safety equipment with regards to such activities.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 43:**  All documents concerning statements, publications or
dissemination of information regarding the safety of J&J Talc, J&J Powder
Product(s) or talc or talc-containing powder generally, including, but not limited to,
documents concerning: (a) such statements and publications attributed to J&J; (b)
J&J's involvement with, or activities relating to, such statements, publications or
dissemination of information publicly attributed to any other entity or individual,
including, but not limited to, consultants, contractors, bloggers, social media
influencers or journalists.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of privilege, including on the basis of relevance and

31

proportionality.

**REQUEST NO. 44:**  All documents concerning communications with opinion leaders, politicians, doctors, nurses, other medical professionals, medical organizations or patients regarding J&J Talc or any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 45:**  All documents concerning the hypothetical, potential or actual inhalation of any talc or talc-containing powder, including J&J Talc or J&J Powder Product(s), by babies, parents, consumers, employees, miners or any other person(s).

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 46:**  All documents concerning any potential, suspected,
alleged or actual health effect(s), including ovarian cancer, mesothelioma,
aspiration or asphyxiation, from inhalation, ingestion, exposure to or use of any
talc or talc-containing powder(s), including J&J Talc or J&J Powder Product(s).

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

33

**REQUEST NO. 47:** All documents concerning any hypothetical, potential or actual release of airborne asbestos or other potential, suspected, alleged or actual contaminant(s) of any talc or talc-containing powder, including J&J Talc or J&J Powder Product(s), when such talc or talc-containing powder is or was manufactured, mined, milled, processed, stored, distributed, used, applied, removed or otherwise disturbed.

**RESPONSE:** In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to (1) "airborne asbestos or other potential, suspected, alleged, or actual contaminant(s)" other than the six forms of asbestos referenced in the First Amended Complaint and recognized by government agencies and other organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite asbestos, amosite, and crocidolite), and (2) J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower. Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production. Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 48:** All documents concerning the hypothetical, potential or actual inhalation or other exposure to asbestos or any other potential, suspected, alleged or actual contaminant of any talc or talc-containing powder, including J&J

34

Talc or J&J Powder Product(s), by babies, parents, consumers, employees, miners or any other person(s).

**RESPONSE:** In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to (1) "asbestos or any other potential, suspected, alleged or actual contaminant(s)" other than the six forms of asbestos referenced in the First Amended Complaint and recognized by government agencies and other organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite asbestos, amosite, and crocidolite), and (2) J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower. Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production. Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 49:** All documents concerning any potential, suspected, alleged or actual health effect(s), including ovarian cancer or mesothelioma, from inhalation, ingestion or exposure to asbestos or any other potential, suspected, alleged or actual contaminant of any talc or talc-containing powder, including J&J Talc or J&J Powder Product(s).

**RESPONSE:** In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to (1) "asbestos or any other potential,

suspected, alleged or actual contaminant(s)" other than the six forms of asbestos

referenced in the First Amended Complaint and recognized by government agencies

and other organizations (chrysotile, tremolite asbestos, actinolite asbestos,

anthophyllite asbestos, amosite, and crocidolite), and (2) J&J products other than

the talcum powder products Johnson's Baby Powder and Shower-to-Shower.

Defendants further object to this Request to the extent it is not proportional to the

needs of the case, including to the extent it seeks documents not included in the

Global Production.  Subject to and without waiver of their general and specific

objections, Defendants will produce only the Global Production, which includes

documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 50:**  All documents concerning the compliance of J&J Talc
and J&J Powder Product(s) with industry standards, international, federal or state
regulations, or other limits, standards or regulations.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 51:**  All documents concerning any potential, proposed or
actual regulation relating to asbestos, elongate mineral particles, talc or cosmetic
powder(s), including, but not limited to, regulations relating to the testing/analysis
of talc for the presence of asbestos or other potential, suspected, alleged or actual
contaminant(s).

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to (1)  the vague term "elongate mineral

particles," (2) "asbestos or other potential, suspected, alleged or actual

contaminant(s)" other than the six forms of asbestos referenced in the First

Amended Complaint and recognized by government agencies and other

organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite

asbestos, amosite, and crocidolite), and (3) "cosmetic powder" or any J&J products

other than the talcum powder products Johnson's Baby Powder and Shower-to-

Shower.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 52:**  All documents concerning any activities by any governmental or regulatory entity with regards to talc, asbestos, cosmetic powder or J&J Powder Product(s), including, but not limited to, all documents concerning any communications or meetings with any governmental or regulatory entity regarding any of these subjects.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to "cosmetic powder" or any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 53:**  All documents concerning the FDA and talc, asbestos, cosmetic powders, or any J&J Powder Product, including, but not limited to, documents concerning: (a) potential or actual testing by the FDA of J&J Talc or any J&J Powder Product for asbestos or other contaminants, including by outside laboratories; (b) submissions to, requests from or any other communications with the FDA relating to talc, asbestos or cosmetic powder(s), including any J&J Powder Product; (c) Citizen's Petition(s) regarding talc, asbestos or cosmetic powder(s); or (d) any activities of J&J, the CRE, Imerys, the CTFA or any other non-governmental entity relating to the FDA's activities concerning talc, asbestos or cosmetic powder(s), including any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to (1) "asbestos or other contaminants" other than the six forms of asbestos referenced in the First Amended Complaint and recognized by government agencies and other organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite asbestos, amosite, and crocidolite), and (2) "cosmetic powder" or any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 54:**  All documents concerning the NTP and talc, asbestos, cosmetic powder(s) or any J&J Powder Product, including, but not limited to, documents concerning: (a) any review by the NTP of talc as a possible carcinogen; (b) any nomination or possible listing of talc in the Report on Carcinogens; (c) any communications involving the NTP regarding talc, asbestos or cosmetic powder(s), including any J&J Powder Product; or (d) any activities of J&J, the CRE, Imerys, the CTFA or any other non-governmental entity relating to the NTP's activities concerning talc, asbestos or cosmetic powder(s), including any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to "cosmetic powder(s)" or any J&J products

other than the talcum powder products Johnson's Baby Powder and Shower-to-

Shower.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request.  Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance and proportionality.

**REQUEST NO. 55:**  All documents concerning IARC and talc, asbestos or cosmetic powder(s), including any J&J Powder Product, including, but not limited to, documents concerning: (a) any review by IARC of talc as a possible carcinogen; (b) the possible classification of talc relating to suspected, potential or actual carcinogenicity; (c) any communications involving IARC regarding talc, asbestos or cosmetic powder(s), including any J&J Powder Product; or (d) any activities of J&J, the CRE, Imerys, the CTFA or any other non-governmental entity relating to

40

IARC's activities concerning talc, asbestos or cosmetic powder(s), including any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to "cosmetic powder(s)" or any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 56:**  All documents concerning NCI and talc, asbestos or cosmetic powder(s), including any J&J Powder Product, including, but not limited to, documents concerning: (a) any review or evaluation by NCI of talc as a possible carcinogen; (b) the possible classification of talc relating to suspected, potential or actual carcinogenicity; (c) any communications involving NCI regarding talc, asbestos or cosmetic powder(s), including any J&J Powder Product; (d) talc or talcum powder use as a possible or actual risk factor for ovarian cancer; or (e) any activities of J&J, CRE, Imerys, CTFA or any other non-governmental entity relating to NCI's activities concerning talc, asbestos or cosmetic powder(s), including any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents related to "cosmetic powder(s)" or any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 57:**  All documents concerning USP and talc, asbestos or cosmetic powder(s), including any J&J Powder Product, including, but not limited to, documents concerning: (a) any standard, monograph or other action of USP relating to talc or cosmetic powder; (b) the possible classification of talc relating to suspected, potential or actual carcinogenicity; (c) any communications involving USP regarding talc, asbestos or cosmetic powder(s), including any J&J Powder Product; (d) talc or talcum powder use as a possible or actual risk factor for ovarian cancer; or (e) any activities of J&J, the CRE, Imerys, the CTFA, or any other non-governmental entity relating to USP's activities concerning talc, asbestos or cosmetic powder(s), including any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to "cosmetic powder(s)" or any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not

42

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request.  Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance and proportionality.

**REQUEST NO. 58:**  Any agreements, including all drafts and final signed
copies, with talc suppliers, miners, millers, manufacturers, testing facilities, the
CTFA or the CRE.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks

documents without any time limitation.  Defendants further object to this Request to

the extent it is not proportional to the needs of the case, including to the extent it

seeks documents not included in the Global Production.  Subject to and without

waiver of their general and specific objections, Defendants will produce only the

Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of relevance and

proportionality.

**REQUEST NO. 59:**  All documents concerning any formal or informal
committee, program, project, task force or other group or undertaking, whether
internal or external to J&J, conducting any activities relating to talc or talc-containing
powder, including, but not limited to,: (a) monitoring consumer, scientific and
regulatory attitudes, trends or activities relating to asbestos, talc or talc-
containing powder; (b) generating or contributing to data regarding the safety or

hazards of asbestos, talc or talc-containing powder; or (c) disseminating information relating to asbestos, talc or talc-containing powder.

**RESPONSE:** In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including because of the overbreadth of the phrase "talc-containing powder," and to the extent it seeks documents without any time limitation. Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production. Subject to and without waiver of their general and specific objections, Defendants will produce only the Global Production, which includes documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 60:** All documents concerning any of your activities or relationships with consultants, lobbyists or any other non-party assisting you with regulatory or scientific issues regarding talc, asbestos or J&J Powder Product(s).

**RESPONSE:** In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower. Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production. Subject to and without waiver of their general and specific objections,

44

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 61:**  All documents concerning, including communications
with, the following individuals and entities: Alice M. Blount, the CRE, Daniel W.
Cramer, Michael S. Huncharek, Thomas E. Hutchinson, Jerome Kretchmer, Arthur
M. Langer, Seymour Lewin, Joshua E. Muscat, Irving Selikoff, Alfred Weissler
and Ann G. Wiley.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks

documents without any time limitation.  Defendants further object to this Request to

the extent it is not proportional to the needs of the case, including to the extent it

seeks documents not included in the Global Production.  Subject to and without

waiver of their general and specific objections, Defendants will produce only the

Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of privilege,

relevance and proportionality.

**REQUEST NO. 62:**  All documents concerning any direct or indirect,
partial or full, sponsorship, funding, non-monetary support or other activity or
involvement by J&J, the CRE, Imerys or the CTFA with regards to any academic or
scientific research or publication relating to talc, asbestos or cosmetic powder.

**RESPONSE:**  In addition to their general objections, Defendants object to

45

this Request to the extent it is not relevant, including because of the overbreadth of

the phrase "cosmetic powder," and to the extent it seeks documents without any

time limitation.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request.  Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of privilege, relevance and proportionality.

**REQUEST NO. 63:**  All documents concerning J&J's sale or other
divestiture of any mining operation, including documents regarding destruction of
mine-related records.

**RESPONSE:**   In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks, without

any time limitation, documents not related to the talcum powder products Johnson's

Baby Powder and Shower-to-Shower.  Defendants further object to this Request to

the extent it is not proportional to the needs of the case, including to the extent it

seeks documents not included in the Global Production.  Subject to and without

waiver of their general and specific objections, Defendants will produce only the

Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of privilege,

relevance and proportionality.

**REQUEST NO. 64:**  All documents concerning Valeant Pharmaceuticals International Inc.'s acquisition of the Shower-to-Shower product line, including, but not limited to, all agreements and contracts, and all documents relating to any due diligence, investigation or disclosure relating to Valeant's purchase of Shower-to-Shower.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request as not relevant.  Defendants further object to this Request to the extent

it is not proportional to the needs of the case, including to the extent it seeks

documents not included in the Global Production.  Subject to and without waiver of

their general and specific objections, Defendants will produce only the Global

Production, which include documents responsive to this Request. Defendants

reasonably believe at this time that documents may be withheld on the basis of their

objections to this Request, including on the basis of privilege, relevance, and

proportionality.

**REQUEST NO. 65:**  All documents concerning Gorsky's activities relating to J&J's 2012 Annual Meeting of Shareholders, held on or around April 26, 2012, including, but not limited to: (a) all transcripts, audio recordings and video recordings of any session or event in which Gorsky participated; (b) all documents concerning Gorsky's preparation for the 2012 Annual Meeting; and (c) all communications with Gorsky concerning the 2012 Annual Meeting.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request on the grounds that it is not relevant, including because (1) it seeks

documents from well before the putative class period and (2) it is not limited to the

allegations at issue following the Court's Opinion and Order dated December 27,

2019 (ECF Nos. 49 and 50).  Defendants further object to this Request to the extent

it is not proportional to the needs of the case, including to the extent that it seeks (1)

documents not included in the Global Production, and (2) recordings, audio files,

and video files of statements for which transcripts are available.  Subject to and

without waiver of their general and specific objections, Defendants will produce the

Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections, including on the basis of privilege, relevance, and

proportionality.

**REQUEST NO. 66:**  All recordings, audio files and video files concerning
J&J's 2012 Annual Meeting of Shareholders, held on or around April 26, 2012.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request on the grounds that it is not relevant, including because (1) it seeks

documents from well before the putative class period and (2) it is not limited to the

allegations at issue following the Court's Opinion and Order dated December 27,

2019 (ECF Nos. 49 and 50).  Defendants further object to this Request on the

grounds that it is not proportional to the needs of the case, including because it

seeks recordings, audio files, and video files.  Defendants reasonably believe at this

time that documents will be withheld on the basis of their objections to this

Request, including on the basis of relevance and proportionality.

**REQUEST NO. 67:** All documents concerning any communications, conference calls, presentations or meetings with any J&J shareholders or institutional investors concerning: (a) recalls of J&J products; (b) litigation or government investigations relating to Risperdal, Omnicare or hip implants; (c) problems or failures in J&J's supply chain; or (d) questions or concerns regarding J&J's ethics and "Our Credo." The relevant time period for this request is January 1, 2009 through the date of your production.

**RESPONSE:** In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent (1) it seeks documents from more than four years before the start of the putative class period, (2) it is not limited to the allegations at issue following the Court's Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50), and (3) it seeks documents concerning all "recalls of J&J products," all "problems or failures in J&J's supply chain," all "questions or concerns regarding J&J's ethics," or "Risperdal, Omnicare or hip implants." Subject to and without waiver of their general and specific objections, Defendants will produce the Global Production, which includes documents responsive to this Request, and Additional Documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 68:** To the extent not produced in response to the prior requests, all recordings, audio files and video files concerning any communications, conference calls, presentations or meetings with any J&J shareholders or institutional investors concerning: (a) recalls of J&J products; (b) litigation or government investigations relating to Risperdal, Omnicare or hip implants; (c) problems or failures in J&J's supply chain; or (d) questions or

49

concerns regarding J&J's ethics and "Our Credo." The relevant time period for this request is January 1, 2009 through the date of your production.

**RESPONSE:** In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent (1) it seeks documents from more than four years before the start of the putative class period, (2) it is not limited to the allegations at issue following the Court's Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50), and (3) it seeks documents concerning all "recalls of J&J products," all "problems or failures in J&J's supply chain," all "questions or concerns regarding J&J's ethics," or "Risperdal, Omnicare or hip implants." Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent that it seeks recordings, audio files, and video files of statements for which transcripts are available. Subject to and without waiver of their general and specific objections, Defendants will produce the Global Production, which includes documents responsive to this Request, and Additional Documents responsive to this Request. Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 69:** All documents concerning any communications, conference calls, presentations or meetings with any financial analysts or investment bankers concerning: (a) recalls of J&J products; (b) litigation or government investigations relating to Risperdal, Omnicare or hip implants; (c) problems or failures in J&J's supply chain; or (d) questions or concerns regarding J&J's ethics

and "Our Credo." The relevant time period for this request is January 1, 2009
through the date of your production.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent (1) it seeks

documents from more than four years before the start of the putative class period,

(2) it is not limited to the allegations at issue following the Court's Opinion and

Order dated December 27, 2019 (ECF Nos. 49 and 50), and (3) it seeks documents

concerning all "recalls of J&J products," all "problems or failures in J&J's supply

chain," all "questions or concerns regarding J&J's ethics," or "Risperdal, Omnicare

or hip implants."  Subject to and without waiver of their general and specific

objections, Defendants will produce the Global Production, which includes

documents responsive to this Request, and Additional Documents in response to

this Request.  Defendants reasonably believe at this time that documents may be

withheld on the basis of their objections to this Request, including on the basis of

privilege and relevance.

**REQUEST NO. 70:**  To the extent not produced in response to the prior
requests, all recordings, audio files and video files concerning any
communications, conference calls, presentations or meetings with any financial
analysts or investment bankers concerning: (a) recalls of J&J products; (b)
litigation or government investigations relating to Risperdal, Omnicare or hip
implants; (c) problems or failures in J&J's supply chain; or (d) questions or
concerns regarding J&J's ethics and "Our Credo." The relevant time period for this
request is January 1, 2009 through the date of your production.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent (1) it seeks

documents from more than four years before the start of the putative class period,

(2) it is not limited to the allegations at issue following the Court's Opinion and

Order dated December 27, 2019 (ECF Nos. 49 and 50), and (3) it seeks documents

concerning all "recalls of J&J products," all "problems or failures in J&J's supply

chain," all "questions or concerns regarding J&J's ethics," or "Risperdal, Omnicare

or hip implants."  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent that it seeks recordings,

audio files, and video files of statements for which transcripts are available.  Subject

to and without waiver of their general and specific objections, Defendants will

produce the Global Production, which includes documents responsive to this

Request, and Additional Documents responsive to this Request.  Defendants

reasonably believe at this time that documents may be withheld on the basis of their

objections to this Request, including on the basis of privilege, relevance, and

proportionality.

**REQUEST NO. 71:**   All documents concerning any communications,
conference calls, presentations or meetings with any news reporters, journalists or
publications concerning: (a) recalls of J&J products; (b) litigation or government
investigations relating to Risperdal, Omnicare or hip implants; (c) problems or
failures in J&J's supply chain; or (d) questions or concerns regarding J&J's ethics
and "Our Credo." The relevant time period for this request is January 1, 2009
through the date of your production.

**RESPONSE:**   In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent (1) it seeks

documents from more than four years before the start of the putative class period,

(2) it is not limited to the allegations at issue following the Court's Opinion and

Order dated December 27, 2019 (ECF Nos. 49 and 50), and (3) it seeks documents

concerning all "recalls of J&J products," all "problems or failures in J&J's supply

chain," all "questions or concerns regarding J&J's ethics," or "Risperdal, Omnicare

or hip implants."  Subject to and without waiver of their general and specific

objections, Defendants will produce the Global Production, which includes

documents responsive to this Request, and Additional Documents responsive to this

Request.  Defendants reasonably believe at this time that documents may be

withheld on the basis of their objections to this Request, including on the basis of

privilege and relevance.

> **REQUEST NO. 72:**  To the extent not produced in response to the prior requests, all recordings, audio files and video files concerning any communications, conference calls, presentations or meetings with any news reporters, journalists or publications concerning: (a) recalls of J&J products; (b) litigation or government investigations relating to Risperdal, Omnicare or hip implants; (c) problems or failures in J&J's supply chain; or (d) questions or concerns regarding J&J's ethics and "Our Credo." The relevant time period for this request is January 1, 2009 through the date of your production.

> **RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent (1) it seeks

documents from more than four years before the start of the putative class period,

(2) it is not limited to the allegations at issue following the Court's Opinion and

Order dated December 27, 2019 (ECF Nos. 49 and 50), and (3) it seeks documents

concerning all "recalls of J&J products," all "problems or failures in J&J's supply

chain," all "questions or concerns regarding J&J's ethics," or "Risperdal, Omnicare

or hip implants."  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent that it seeks recordings,

audio files, and video files of statements for which transcripts are available. Subject

to and without waiver of their general and specific objections, Defendants will

produce the Global Production, which includes documents responsive to this

Request, and Additional Documents responsive to this Request.  Defendants

reasonably believe at this time that documents may be withheld on the basis of their

objections to this Request, including on the basis of privilege, relevance, and

proportionality.

**REQUEST NO. 73:**  All documents concerning J&J's corporate branding
campaign introduced on or around April 25, 2013, including all related recordings,
audio files and video files.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including because of the overbreadth of

the phrase "corporate branding campaign."  Subject to and without waiver of their

general and specific objections, Defendants will produce the Global Production,

which includes documents responsive to this Request, and Additional Documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of privilege and relevance.

**REQUEST NO. 74:**  All documents concerning the recruitment and hiring of Sandra (Sandi) Peterson, as well as her departure from J&J, including, but not limited to: (a) her separation agreement and any documents relating to any threatened or actual litigation relating to her departure; and (b) any material given to her concerning matters after her employment, including any such material given to her when she was hired by, or employed at, J&J.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request on the grounds that it seeks documents that are not relevant, including

because Sandra Peterson was dismissed as a Defendant in this case in the Court's

Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50).  Defendants

reasonably believe at this time that documents will be withheld on the basis of their

objections to this Request.

**REQUEST NO. 75:**  All documents concerning the decision to re-launch the Johnson's Baby product line in 2018, including all related recordings, audio files and video files.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including because of the overbreadth of

the phrase "the Johnson's Baby product line."  Defendants further object to this

Request to the extent it is not proportional to the needs of the case, including to the

extent it seeks documents not included in the Global Production.  Subject to and

without waiver of their general and specific objections, Defendants will produce

only the Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 76:**  All documents concerning potential or actual litigation relating to the safety of J&J Talc or any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Subject to and without waiver of their general and specific objections, Defendants will produce the Global Production, Trial Materials, and Interrogatory Responses, which include documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 77:**  All documents concerning the news articles discussed in the Complaint, including, but not limited to: The *Bloomberg* article published on September 21, 2017, entitled "Johnson & Johnson's Newest Talc Problem? Asbestos" (¶179), The *Bloomberg* article published on September 14, 2017, entitled "J&J Was Alerted to *Risk* of Asbestos in Talc in '70s, Files Show" (¶181), the *Fair Warning* published January 16, 2018, entitled "Baby Powder Battles:

Johnson & Johnson Internal Documents Reveal Asbestos Worries" (¶188) and any communications with the authors or publishers.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant.  Subject to and without waiver of their general and specific objections, Defendants will produce the Global Production, which includes documents responsive to this Request, and Additional Documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege and relevance.

**REQUEST NO. 78:**  All documents concerning the *Reuters* investigative report published on December 14, 2018, entitled "Powder Keg: Johnsons & Johnson knew for decades that asbestos lurked in its Baby Powder" ("*Reuters* Report"), including, but not limited to, all documents concerning: (a) the investigation leading up to the *Reuters* Report; (b) Gorsky's interview on CNBC's "Mad Money" on December 17, 2018; (c) J&J advertisements running in newspapers in December 2018 concerning J&J Talc or powders; (d) J&J's written response to the *Reuters* Report entitled "Johnson & Johnson Responds To Recent News Coverage on Talc," dated December 16, 2018; (e) the J&J video featuring Gorsky regarding talc that was made public in December 2018; (f) the J&J share buyback program announced on or around December 17, 2018; (g) communications with anyone from *Reuters* concerning the *Reuters* Report or the investigation leading to the *Reuters* Report; and (h) any communications or other interaction with any non-J&J individual or entity concerning the *Reuters* Report, including, but not limited to, such communications or interaction with any investor, crisis-management firm or public relations firm.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks documents related to any share buybacks.  Subject to and without waiver of their

57

general and specific objections, Defendants will produce the Global Production and the Supplemental Regulatory Production, which include documents responsive to this Request, and Additional Documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections to this Request, including on the basis of privilege and privilege.

**REQUEST NO. 79:**  All documents concerning the New York Times article dated December 14, 2018, entitled "Johnson & Johnson Feared Baby Powder's Possible Asbestos Link for Years," and any news story, article or other publication concerning: (a) J&J Talc or J&J Powder Product(s); (b) testing for asbestos or appropriate thresholds for the presence of asbestos in any consumer product; (c) J&J's commitment to product safety, quality assurance and research; or (d) any tort action or federal or state investigation, inquiry or regulatory action, whether formal or informal, related to the subjects identified in (a)-(c).

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including (1) because of the overbreadth of the phrase "J&J's commitment to product safety, quality assurance and research," and (2) to the extent it seeks, without any time limitation, documents related to any J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Subject to and without waiver of their general and specific objections, Defendants will produce the Global Production, which includes documents responsive to this Request, and Additional Documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections, including on the basis of privilege and relevance.

**REQUEST NO. 80:**  All documents concerning any potential or actual investigation, formal or informal inquiry, or request for information by the FDA, DOJ, SEC, U.S. House of Representatives or any other federal, state or regulatory agency, entity, committee or task force, relating to: (a) J&J Talc or any J&J Powder Product(s); (b) testing for asbestos or appropriate thresholds for the presence of asbestos in any consumer product; (c) J&J's commitment to product safety, quality assurance or research; or (d) statements made by J&J regarding the subjects identified in (a)-(c).

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and research,"

and (2) to the extent it seeks, without any time limitation, documents related to any

J&J products other than the talcum powder products Johnson's Baby Powder and

Shower-to-Shower.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production and Supplemental Regulatory Production.

Subject to and without waiver of their general and specific objections, Defendants

will produce only the Global Production and Supplemental Regulatory Production,

which include documents responsive to this Request.  Defendants reasonably

believe at this time that documents may be withheld on the basis of their objections

to this Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 81:**  All deposition transcripts, notes and other statements produced, provided or received, as well as any exhibits or other documents referenced therein, in connection with any testimony or interview you gave to any state agency, entity, committee or task force, relating to: (a) J&J Talc or any J&J Powder Product(s); (b) testing for asbestos or appropriate thresholds for the

presence of asbestos in any consumer product; (c) J&J's commitment to product safety, quality assurance or research; or (d) statements made by J&J regarding the subjects identified in (a)-(c). Additionally, this request seeks any such responsive files created prior to the close of fact discovery in this case, to be produced on an ongoing basis.

**RESPONSE:** In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and research,"

and (2) to the extent it seeks, without any time limitation, documents related to any

J&J products other than the talcum powder products Johnson's Baby Powder and

Shower-to-Shower. Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production. Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request. Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 82:** All documents concerning any potential or actual investigation, formal or informal inquiry, or request for information by any foreign government, agency, entity, committee or task force, or any international agency, entity, committee or task force, relating to: (a) J&J Talc or any J&J Powder Product(s); (b) testing for asbestos or appropriate thresholds for the presence of asbestos in any consumer product; (c) J&J's commitment to product safety, quality assurance or research; or (d) statements made by J&J regarding the subjects identified in (a)-(c).

**RESPONSE:** In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and research,"

and (2) to the extent it seeks, without any time limitation, documents related to any

J&J products other than the talcum powder products Johnson's Baby Powder and

Shower-to-Shower.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request.  Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 83:**  All deposition transcripts, notes and other statements
produced, provided or received, as well as any exhibits or other documents
referenced therein, in connection with any testimony or interview you gave to any
foreign government, agency, entity, committee or task force, or any international
agency, entity, committee or task force, in response to any investigation, formal or
informal inquiry or request for information relating to: (a) Johnson's Baby Powder,
Shower-to-Shower product or talc used in J&J products; (b) testing for asbestos or
appropriate thresholds for the presence of asbestos in any consumer product; (c)
J&J's commitment to product safety, quality assurance or research; or (d) statements
made by J&J regarding the subjects identified in (a)-(c). Additionally, this request
seeks any such responsive files created prior to the close of fact discovery in this
case, to be produced on an ongoing basis.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and research,"

and (2) to the extent it seeks, without any time limitation, documents related to any

J&J products other than the talcum powder products Johnson's Baby Powder and

Shower-to-Shower.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request.  Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 84:**  All documents, communications and Written
Discovery you previously produced or provided to, or received from any foreign
government, agency, entity, committee or task force, or any international agency,
entity, committee or task force, in response to any investigation, formal or informal
inquiry or request for information relating to: (a) Johnson's Baby Powder, Shower-to-
Shower product or talc used in J&J products; (b) testing for asbestos or appropriate
thresholds for the presence of asbestos in any consumer product; (c) J&J's
commitment to product safety, quality assurance or research; or (d) statements made
by J&J regarding the subjects identified in (a)-(c). Additionally, this request seeks
any such responsive files created prior to the close of fact discovery in this case, to
be produced on an ongoing basis.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and research,"

and (2) to the extent it seeks, without any time limitation, documents related to any

J&J products other than the talcum powder products Johnson's Baby Powder and

Shower-to-Shower.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request.  Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of privilege, relevance, and proportionality.

 **REQUEST NO. 85:**  All documents concerning any potential or actual
investigation or other inquiry conducted by or on behalf of J&J relating to: (a) J&J
Talc or any J&J Powder Product; (b) testing for asbestos or appropriate thresholds
for the presence of asbestos in any consumer product; (c) J&J's commitment to
product safety, quality assurance or research; or (d) statements made by J&J
regarding the subjects identified in (a)-(c).

 **RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including (1) because of the overbreadth

of the phrase "J&J's commitment to product safety, quality assurance and research,"

and (2) to the extent it seeks, without any time limitation, documents related to any

J&J products other than the talcum powder products Johnson's Baby Powder and

Shower-to-Shower.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production. Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production, which

includes documents responsive to this Request.  Defendants reasonably believe at

this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 86:**  All documents constituting any insurance policies, indemnification agreements, hold harmless agreements, director and officer policies, errors and omissions policies, general liability policies or by-laws under which any defendant may claim coverage to satisfy part or all of any possible liabilities as a result of any of the claims asserted in this action.

**RESPONSE:**  Subject to and without waiver of their general objections,

Defendants will produce non-privileged documents responsive to this Request.

**REQUEST NO. 87:**  All documents concerning any reserving or designation of funds by J&J for the purpose of paying verdicts, settlements or any other payment to actual or potential plaintiffs, relating to J&J Talc or any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request on the grounds that it is not relevant.  Defendants reasonably believe at

this time that documents will be withheld on the basis of their objections, including

on the basis of privilege and relevance.

**REQUEST NO. 88:**  Documents sufficient to identify the total amount of funds paid by J&J to actual or potential plaintiffs alleging personal injury in relation to J&J Talc or any J&J Powder Product.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request on the grounds that it is not relevant.  Defendants reasonably believe at

this time that documents will be withheld on the basis of their objections to this

Request, including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 89:**  J&J's document retention policies, any documents concerning alteration to those policies and documents concerning the preservation,

search for, collection, maintenance, destruction or alteration of documents and ESI relating to any of these requests, including, but not limited to, any retention hold letters concerning litigation concerning J&J Talc, J&J Powder Product(s) or asbestos.

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks documents without any time limitation.  Defendants further object to this Request to the extent it suggests that Defendants engaged in any spoliation.  Subject to their general and specific objections, Defendants will produce the Global Production, which includes documents responsive to this Request, and Additional Documents responsive to this Request, including relevant document retention policies. Defendants reasonably believe at this time that documents will be withheld on the basis of their objections to this Request, including on the basis of privilege and relevance.

**REQUEST NO. 90:**  All documents concerning any actual or potential decision to destroy documents relating to talc, asbestos or J&J Powder Product(s).

**RESPONSE:**  In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks documents without any time limitation.  Defendants further object to this Request to the extent it suggests that Defendants engaged in any spoliation.  Subject to their general and specific objections, Defendants will produce the Global Production, which includes documents responsive to this Request, and Additional Documents

65

responsive to this Request, including relevant document retention policies.

Defendants reasonably believe at this time that documents will be withheld on the

basis of their objections to this Request, including on the basis of privilege and

relevance.

**REQUEST NO. 91:**  All documents that Defendants believe support any defense asserted in Defendants' Answer to Plaintiff's First Amended Complaint (ECF No. 57).

**RESPONSE:**  Subject to and without waiver of their general objections,

Defendants will produce the Global Production and the Supplemental Regulatory

Production, which include documents responsive to this Request, and Additional

Documents responsive to this Request.

**REQUEST NO. 92:**  All calendars, agendas or other documents evidencing Defendants' J&J-related activities from April 1, 2012 through the date of production.

**RESPONSE:**  In addition to their general objections, Defendants object to

this Request to the extent it is not relevant, including to the extent it seeks

documents from well before the putative class period and unrelated to the

allegations at issue following the Court's Opinion and Order dated December 27,

2019 (ECF Nos. 49 and 50).  Subject to their general objections, Defendants will

produce the Global Production, which includes documents responsive to this

Request, and Additional Documents responsive to this Request.  Defendants

reasonably believe at this time that documents may be withheld on the basis of their

objections, including on the basis of privilege and relevance.

**REQUEST NO. 93:**  All documents concerning meetings of J&J's board of directors, including, but not limited to, all meeting minutes, draft and final presentations, and related correspondence.  The relevant period for this request is April 1, 2012 through the date of production.

**RESPONSE:**    In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks "all documents concerning meetings of J&J's board of directors" and is not limited to the allegations at issue following the Court's Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50).  Subject to and without waiver of their general objections, Defendants will produce the Global Production, which includes documents responsive to this Request, and Additional Documents responsive to this Request.  Defendants reasonably believe at this time that documents may be withheld on the basis of their objections, including on the basis of privilege and relevance.

**REQUEST NO. 94:**  To the extent not produced in response to the prior requests, all recordings, audio files and video files concerning the topics in the prior requests.

**RESPONSE:**  Defendants incorporate by reference their objections and responses to the prior Requests.  In addition to their general objections, Defendants object to this Request on the grounds that it is duplicative, vague, and not relevant.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent that it seeks recordings, audio files, and

video files of statements for which transcripts are available. Defendants reasonably

believe at this time that documents may be withheld on the basis of their objections,

including on the basis of privilege, relevance, and proportionality.

Dated: June 8, 2020

Respectfully submitted,

/s/ Jack N. Frost, Jr.

Jack N. Frost, Jr. Esq.
**FAEGRE DRINKER
BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7338
jack.frost@faegredrinker.com

Walter C. Carlson (admitted *pro hac vice*)
Kristen R. Seeger (admitted *pro hac vice*)
John M. Skakun III (admitted *pro hac vice*)
Christopher Y. Lee (admitted *pro hac vice*)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
wcarlson@sidley.com
kseeger@sidley.com
jskakun@sidley.com
chris.lee@sidley.com

Robert M. Stern (admitted *pro hac vice*)
**ORRICK HERRINGTON & SUTCLIFF LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-1706
rstern@orrick.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Jack N. Frost, hereby certify that on June 8, 2020, I caused the foregoing **Defendants' Objections and Responses to Lead Plaintiff's Corrected Second Set of Requests for Production of Documents** to be served by email on the following counsel:

*Counsel for Lead Plaintiff:*

     James E. Cecchi ([jcecchi@carellabyrne.com](mailto:jcecchi@carellabyrne.com))
     **CARELLA, BYRNE, CECCHI, OLSTEIN,**
     **BRODY & AGNELLO, P.C.**
     5 Becker Farm Road
     Roseland, NJ 07068
     Telephone: (973) 994-1700

     Darren J. Robbins ([darrenr@rgrdlaw.com](mailto:darrenr@rgrdlaw.com))
     Arthur C. Leahy ([artl@rgrdlaw.com](mailto:artl@rgrdlaw.com))
     Robert R. Henssler Jr. ([bhenssler@rgrdlaw.com](mailto:bhenssler@rgrdlaw.com))
     Nathan R. Lindell ([nlindell@rgrdlaw.com](mailto:nlindell@rgrdlaw.com))
     Hillary B. Stakem ([hstakem@rgrdlaw.com](mailto:hstakem@rgrdlaw.com))
     Matthew J. Balotta ([mbalotta@rgrdlaw.com](mailto:mbalotta@rgrdlaw.com))
     Alexander Mendoza ([amendoza@rgrdlaw.com](mailto:amendoza@rgrdlaw.com))
     Laura Andracchio ([landracchio@rgrdlaw.com](mailto:landracchio@rgrdlaw.com))
     **ROBBINS GELLER RUDMAN & DOWD LLP**
     655 West Broadway, Suite 1900
     San Diego, CA 92101
     Telephone: (619) 231-1058

*Counsel for Defendants:*

     Walter C. Carlson ([wcarlson@sidley.com](mailto:wcarlson@sidley.com))
     Kristen R. Seeger ([kseeger@sidley.com](mailto:kseeger@sidley.com))
     John M. Skakun III ([jskakun@sidley.com](mailto:jskakun@sidley.com))
     Christopher Y. Lee ([chris.lee@sidley.com](mailto:chris.lee@sidley.com))
     **SIDLEY AUSTIN LLP**
     One South Dearborn Street
     Chicago, IL 60603
     Telephone: (312) 853-7000

Robert M. Stern (rstern@orrick.com)
**ORRICK HERRINGTON & SUTCLIFF LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-1706


Dated June 8, 2020                              /s/ Jack N. Frost, Jr.