# EXHIBIT 8

Jack N. Frost, Jr. Esq.
**FAEGRE DRINKER
BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
(973) 549-7338
jack.frost@faegredrinker.com

*Counsel for Defendants*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK HALL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>    Defendants. | No. 3:18-cv-01833-FLW-TJB<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States District Court for the District of New Jersey, Defendants Johnson & Johnson ("J&J" or the "Company"), Alex Gorsky, Carol Goodrich, Joan Casalvieri, and Tara Glasglow (collectively, "Defendants") object and respond to the Third Set of Requests for Production of Documents (the "Requests") from Lead Plaintiff San Diego County Employees Retirement Association.

## DEFINITIONS

Unless stated otherwise, the terms set forth below are defined as follows:

1.      "Additional Documents" means any additional responsive, relevant, non-privileged documents, to the extent they exist and are not included in the Global Production, Supplemental Regulatory Production, or Trial Materials, that Defendants identify after conducting an ESI collection and review, the parameters of which will be discussed by the parties in a meet and confer.

2.      "Global Production" means the approximately 500,000 documents consisting of: (1) the documents, privilege logs, and certain expert reports and written discovery responses that J&J and its subsidiary Johnson & Johnson Consumer Inc. ("JJCI") have produced in tort litigation relating to Johnson's Baby Powder and Shower-to-Shower products; (2) the documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J and JJCI have produced to the Food and Drug Administration ("FDA"); (3) the documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the Department of Justice ("DOJ") and the U.S. Congress in the past two years; and (4) certain documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the Securities and Exchange Commission ("SEC") since April 2019. The Global Production is supplemented from time to time by J&J's outside counsel who maintain it. Supplements made

prior to the substantial completion of document production will be produced.

3.      "Including" means including but not limited to.

4.      "Supplemental Regulatory Production" means certain documents relating to Johnson's Baby Powder and Shower-to-Shower products that J&J has produced to the SEC since April 2019 and that are not included in the Global Production.

5.      "Trial Materials" means all trial transcripts and thousands of readily available exhibits from tort litigation relating to Johnson's Baby Powder and Shower-to-Shower products.

## GENERAL OBJECTIONS

1.      Defendants object to the Requests, including the Definitions, Instructions, and production specifications, to the extent they seek to impose duties upon Defendants not required by the Federal Rules, the Local Rules, the Discovery Confidentiality Order (ECF No. 66), the draft Agreed Order Regarding Production of Documents and ESI  about which the parties are meeting and conferring, and/or any other applicable rules, orders, or agreements of the parties, on the ground that Plaintiff has no right to impose any such additional duties on Defendants. Defendants will only produce documents as required by and in accordance with these rules, orders, and agreements.

2.      Defendants object to the Requests and Definitions to the extent they

are overbroad, vague, or otherwise cause any Request to be subject to any of these

general objections.  In particular:

- Defendants object to Definition Nos. 9, 14, 16, 25, 27–30, 51, and 57 as not relevant to the extent they refer to anyone other than Gorsky, Casalvieri, Glasgow, or Goodrich, or any entity other than the SEC, FDA, CRE, CFTA, IARC, or NTP.

- Defendants object to Definition No. 34 as not relevant to the extent it refers to anyone other than Imerys Talc America, Inc., Luzenac America, Rio Tinto Minerals, Inc., Cyprus Mines Corporation, Cyprus Amax Minerals Company, or Windsor Minerals.

- Defendants object to Definition No. 37 as not relevant to the extent it refers to anything other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.

- Defendants object to Definition No. 40 as not relevant, including to the extent it defines "Johnson & Johnson" as including J&J's "agents" and "accountants and advisors, and all other persons acting or purporting to act on [J&J's] behalf."

- Defendants object to Definitions Nos. 3, 6-8, 11, 15, 18, 20, 21, 23, 26, 33, 36, 41–44, 48, 50, 52, 54–56, and 58–60 as not relevant, including to the extent they define "AMA," "Bailey Brand Consulting," "Bureau Veritas," "Burson Cohen & Wolfe," "Colorado School of Mines," "Critical Mass," "DDB" "DeVries," "Dezenhall," "Edelman," "Forensic Analytical," "IMC," "Interpublic Group," "Lauren Communications Group," "Madison Direct Marketing," "Materials Analytical," "McCrone," "News America Marketing," Nielson," "Omnicom Group," "Razorfish," "RF Binder," "RJ Lee," "SGS," "Syneos Health," and "Trident DMG," as including these entities' "agents," "advisors," and "all other persons acting or purporting to act on [their] behalf."

3.    Defendants object to the Requests to the extent they seek the

production of documents that are not in their possession, custody, or control.

Defendants' production of documents will consist solely of documents in the

possession, custody, or control of J&J, JJCI, Gorsky, Casalvieri, Glasgow, and

Goodrich.

4.      Defendants object to the Requests to the extent they seek documents

protected from discovery by the attorney-client privilege, common interest

privilege, the work product doctrine, Federal Rule of Evidence 408, or any other

applicable privilege, protection, immunity, law, or rule.  Any production by

Defendants of such protected documents is inadvertent and shall not be construed

to constitute a waiver.

5.      Defendants object to the Requests to the extent that they seek

documents not relevant to the claims remaining in this case following the Court's

Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50).  By

submitting these objections and responses, Defendants do not concede that any

allegation is relevant to the remaining claims, or that any such claim has merit.

6.      Defendants object to the Requests as not proportional to the needs of

the case to the extent they seek recordings, audio files, or video files of statements,

including to the extent they seek recordings, audio files, or video files of

statements for which transcripts are available.

7.      Defendants object to the Requests to the extent they are not limited in

time.  The time parameters of Additional Documents produced will be discussed

by the parties in a meet and confer.

8.     In providing these objections and responses, Defendants do not admit any facts set forth in or assumed by the Requests, or that Defendants' responses constitute admissible evidence.  Nor do Defendants waive any rights or objections.

9.     Defendants' objections and responses are based on their current knowledge and understanding of the facts, and the best information currently available.  Defendants reserve the right to amend these objections and responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 95:**     All documents concerning any activities by any NGO with regards to talc, asbestos, cosmetic powder or J&J Powder Product(s), including, but not limited to, all documents concerning any communications or meetings with any NGO regarding any of these subjects.

**RESPONSE:**     In addition to their general objections, Defendants object to this Request to the extent it is not relevant, including to the extent it seeks, without any time limitation, documents related to (1) "asbestos" other than the six forms of asbestos referenced in the First Amended Complaint and recognized by government agencies and other organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite asbestos, amosite), and (2) any "cosmetic powder" or J&J products other than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants further object to this Request to the extent it is not proportional to the needs of the case, including to the extent it seeks documents not included in the Global Production.  Defendants also object to this

6

Request to the extent it is duplicative of prior Requests, including Request Nos.

54–58, and 62.  Subject to and without waiver of their general and specific

objections, Defendants will produce only the Global Production, which includes

documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and privilege.

**REQUEST NO. 96:**    All deposition transcripts, notes and other statements produced, provided or received, as well as any exhibits or other documents referenced therein,  in connection with any testimony or interview you gave in relation to the Multistate Investigation. Additionally, this request seeks any such responsive documents created prior to the close of fact discovery in this Action, to be produced on an ongoing basis.

**RESPONSE:**      In addition to their general objections, Defendants object

to this Request to the extent it is not proportional to the needs of the case, including

to the extent it seeks documents created after the substantial completion of

document production.  Defendants further state that there are no documents

responsive to this Request at this time.  Subject to and without waiver of their

general and specific objections, Defendants will produce, prior to the substantial

completion of document production, relevant, non-privileged responsive

documents created prior to the substantial completion of document production.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of privilege and

proportionality.

**REQUEST NO. 97:**     All documents, communications and Written Discovery you previously produced, provided or received in relation to the Multistate Investigation. Additionally, this request seeks any such responsive documents created prior to the close of fact discovery in this Action, to be produced on an ongoing basis.

**RESPONSE:**     In addition to their general objections, Defendants object

to this Request to the extent it is not proportional to the needs of the case, including

to the extent it seeks documents created after the substantial completion of

document production.  Defendants further state that there are no documents

responsive to this Request at this time.  Subject to and without waiver of their

general and specific objections, Defendants will produce, prior to the substantial

completion of document production, relevant, non-privileged responsive

documents created prior to the substantial completion of document production.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of proportionality.

**REQUEST NO. 98:**     Documents sufficient to identify the document requests, final search terms, custodians and sources (both hard-copy and ESI) that you used in connection with each prior production responsive to Request for Production No. 97.

**RESPONSE:**     In addition to their general objections, Defendants object

to this Request to the extent it is not proportional to the needs of the case, including

to the extent it seeks documents created after the substantial completion of

document production.  Defendants further state that there are no documents

responsive to this Request at this time.  Subject to and without waiver of their

8

general and specific objections, Defendants will produce, prior to the substantial

completion of document production, relevant, non-privileged responsive

documents created prior to the substantial completion of document production.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of privilege and

proportionality.

**REQUEST NO. 99:** All documents concerning the Multistate
Investigation.

**RESPONSE:** In addition to their general objections, Defendants object

to this Request to the extent it calls for privileged documents and to the extent it is

duplicative of Request Nos. 96–98. Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of privilege.

**REQUEST NO. 100:** All reports concerning: (a) any mine ever owned by
J&J; and (b) any talc mine ever used to obtain talc that was used, or contemplated to
be used, in any J&J Powder Product.

**RESPONSE:** In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it seeks,

without any time limitation, documents related to (1) "any talc mine ever …

contemplated to be used" but not actually used, and (2) any J&J products other

than the talcum powder products Johnson's Baby Powder and Shower-to-Shower.

Defendants further object to this Request to the extent it is not proportional to the

needs of the case, including to the extent it seeks documents not included in the

Global Production.  Defendants also object to this Request to the extent it is

duplicative of prior Requests, including Request No. 28.  Subject to and without

waiver of their general and specific objections, Defendants will produce only the

Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of relevance and

privilege.

**REQUEST NO. 101:**    All documents concerning any National Sales
Meeting concerning J&J Powder Product or any National Sales Meeting of other J&J
products that mentioned J&J Powder Product.

**RESPONSE:**        In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it seeks,

without any time limitation, documents related to any J&J products other than the

talcum powder products Johnson's Baby Powder and Shower-to-Shower.

Defendants further object to this Request to the extent it is not proportional to the

needs of the case, including to the extent it seeks documents not included in the

Global Production.  Subject to and without waiver of their general and specific

objections, Defendants will produce only the Global Production, which includes

documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance and proportionality.

**REQUEST NO. 102:**    All recordings, audio files and video files concerning any National Sales Meeting concerning J&J Powder Product or any National Sales Meeting of other J&J products that mentioned J&J Powder Product.

**RESPONSE:**    In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it seeks,

without any time limitation, documents related to any J&J products other than the

talcum powder products Johnson's Baby Powder and Shower-to-Shower.

Defendants further object to this Request to the extent it is not proportional to the

needs of the case, including to the extent it seeks recordings, audio files, and video

files.  Defendants reasonably believe at this time that documents may be withheld

on the basis of their objections to this Request, including on the basis of relevance

and proportionality.

**REQUEST NO. 103:**    All documents concerning any communications, conference calls, presentations or meetings with any author of, or contributor to, any paper or other written work for possible or actual publication in a scientific or academic journal, concerning talc, asbestos or cosmetic powders.

**RESPONSE:**    In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it seeks,

without any time limitation, documents related to (1) any "cosmetic powders"

other than the talcum powder products Johnson's Baby Powder and Shower-to-

Shower, and (2) any "asbestos" other than the six forms of asbestos referenced in

the First Amended Complaint and recognized by government agencies and other

11

organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite

asbestos, amosite).  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production,

which includes documents responsive to this Request.  Defendants reasonably

believe at this time that documents may be withheld on the basis of their objections

to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 104:**    All documents concerning any communications,
conference calls, presentations or meetings with any crisis management, marketing or
public relations firm, or any of its agents or employees, concerning asbestos, talc,
cosmetic powder, or J&J's reputation, including, but not limited to, Bailey Brand
Consulting, Burson Cohen & Wolfe, Critical Mass, DDB, DeVries, Dezenhall,
Edelman, IMC, Interpublic Group, Laurel Communications Group, Madison Direct
Marketing, News America Marketing, Nielson, Omnicom Group, Razorfish, RF
Binder, SGS, Syneos Health or Trident DMG.

**RESPONSE:**        In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it seeks,

without any time limitation, documents related to (1) any "cosmetic powders"

other than the talcum powder products Johnson's Baby Powder and Shower-to-

Shower, (2) any "asbestos" other than the six forms of asbestos referenced in the

First Amended Complaint and recognized by government agencies and other

organizations (chrysotile, tremolite asbestos, actinolite asbestos, anthophyllite

asbestos, amosite), and (3) "J&J's reputation" unrelated to the talcum powder

products Johnson's Baby Powder and Shower-to-Shower.  Defendants further

object to this Request to the extent it is not proportional to the needs of the case,

including to the extent it seeks documents not included in the Global Production.

Defendants also object to this Request to the extent it is duplicative of prior

Requests, including Request Nos. 19 and 20.  Subject to and without waiver of

their general and specific objections, Defendants will produce the Global

Production, which includes documents responsive to this Request, and Additional

Documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of privilege, relevance, and proportionality.

**REQUEST NO. 105:**    All documents concerning any communications, conference calls, presentations or meetings with any ASTM D22 committee member.

**RESPONSE:**    In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including because it seeks documents

without time or topic limitation.  Defendants further object to this Request to the

extent it is not proportional to the needs of the case, including to the extent it seeks

documents not included in the Global Production.  Subject to and without waiver

of their general and specific objections, Defendants will produce only the Global

Production, which includes documents responsive to this Request.  Defendants

reasonably believe at this time that documents may be withheld on the basis of

their objections to this Request, including on the basis of relevance and

proportionality.

**REQUEST NO. 106:**     All documents concerning any formal or informal
group named or referred to as Talc Interested Party Task Force.

**RESPONSE:**     In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including because it seeks documents

without time limitation.  Defendants further object to this Request to the extent it is

not proportional to the needs of the case, including to the extent it seeks documents

not included in the Global Production.  Subject to and without waiver of their

general and specific objections, Defendants will produce only the Global

Production, which includes documents responsive to this Request.  Defendants

reasonably believe at this time that documents may be withheld on the basis of

their objections to this Request, including on the basis of relevance and

proportionality.

**REQUEST NO. 107:**     All documents concerning any activities of Dr.
Alice M. Blount funded in whole or in part, directly or indirectly, by J&J.

**RESPONSE:**     In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including because it seeks documents

without time or topic limitation.  Defendants further object to this Request to the

extent it is not proportional to the needs of the case, including to the extent it seeks

documents not included in the Global Production.  Defendants also object to this

Request to the extent it is duplicative of prior Requests, including Request No. 61.

Subject to and without waiver of their general and specific objections, Defendants

will produce only the Global Production, which includes documents responsive to

this Request.  Defendants reasonably believe at this time that documents may be

withheld on the basis of their objections to this Request, including on the basis of

proportionality.

**REQUEST NO. 108:**    All documents concerning the litigation captioned *Darlene Coker, et al. v. Bill Thames Pharmacy Inc., et al.*, No. D-157,746, District Court of Jefferson County, Texas, 136th Judicial District, filed September 23, 1997, including, but not limited to:  (a) all communications with the plaintiffs or their counsel; (b) all documents concerning related employee interviews; (c) all sworn statements, declarations and affidavits; and (d) all draft and final reports from the testing of talc or cosmetic power.

**RESPONSE:**        In addition to their general objections, Defendants object

to this Request as not relevant.  Defendants further object to this Request to the

extent it is not proportional to the needs of the case, including to the extent it seeks

documents not included in the Global Production.  Defendants also object to this

Request to the extent it is duplicative of prior Requests, including Request Nos. 35

and 36.  Subject to and without waiver of their general and specific objections,

Defendants will produce only the Global Production, which includes documents

responsive to this Request.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of privilege and proportionality.

**REQUEST NO. 109:**     All documents concerning any affidavit, declaration or other sworn statement by any J&J employee concerning the presence or absence of asbestos in: (a) J&J Talc, talc from Vermont, or any other talc; (b) any J&J Powder Product; and (c) any mine from which J&J Talc originated.

**RESPONSE:**     In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it seeks,

without any time limitation, documents related to (1) any "asbestos" besides the six

forms of asbestos referenced in the First Amended Complaint and recognized by

government agencies and other organizations (chrysotile, tremolite asbestos,

actinolite asbestos, anthophyllite asbestos, amosite), and (2) any J&J products

other than the talcum powder products Johnson's Baby Powder and Shower-to-

Shower.  Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Subject to and without waiver of their general

and specific objections, Defendants will produce only the Global Production,

which includes documents responsive to this Request.  Defendants reasonably

believe at this time that documents may be withheld on the basis of their objections

to this Request, including on the basis of relevance and proportionality.

**REQUEST NO. 110:**     All documents concerning any testimony of any J&J employee or retained expert concerning: (a) the presence or absence of asbestos in any J&J Powder Product or J&J Talc; (b) the presence or absence of asbestos in any mine from which J&J Talc originated; (c) methods for testing talc or powder for asbestos; (d) the importance of Johnson's Baby Powder to J&J; or (e) J&J's activities concerning the FDA, NTP, IARC or any other regulatory body, with regards to talc, asbestos or cosmetic powder.

**RESPONSE:**        In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including because of the overbreadth

of the term "powder," and to the extent it seeks, without any time limitation,

documents related to (1) any "asbestos" besides the six forms of asbestos

referenced in the First Amended Complaint and recognized by government

agencies and other organizations (chrysotile, tremolite asbestos, actinolite asbestos,

anthophyllite asbestos, amosite), and (2) any J&J products other than the talcum

powder products Johnson's Baby Powder and Shower-to-Shower.  Defendants

further object to this Request to the extent it is not proportional to the needs of the

case, including to the extent it seeks documents not included in the Global

Production or Trial Materials, or documents beyond those Defendants have agreed

to produce in response to Request Nos. 2, 7, 34, 47, 81, and 83.  Defendants also

object to this Request to the extent it is duplicative of prior Requests, including

Request Nos. 2, 7, 34, 47, 81, and 83.  Subject to and without waiver of their

general and specific objections, Defendants will produce only the Global

Production and Trial Materials, which include documents responsive to this

Request, and deposition transcripts and exhibits as set forth in Defendants'

Response to Request No. 7.  Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance, proportionality, and privilege.

17

**REQUEST NO. 111:**    All documents concerning any communications with any individual who reported or otherwise maintained that he or she had used any J&J Powder Product, relating to mesothelioma or ovarian cancer.

**RESPONSE:**    In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it seeks,

without any time limitation, documents related to any J&J products other than the

talcum powder products Johnson's Baby Powder and Shower-to-Shower.

Defendants further object to this Request to the extent it is not proportional to the

needs of the case, including to the extent it seeks documents not included in the

Global Production.  Defendants also object to this Request to the extent it is

duplicative of prior Requests, including Request Nos. 46 and 49. Subject to and

without waiver of their general and specific objections, Defendants will produce

only the Global Production, which includes documents responsive to this Request.

Defendants reasonably believe at this time that documents may be withheld on the

basis of their objections to this Request, including on the basis of relevance and

proportionality.

**REQUEST NO. 112:**    All documents sent or received by, or in the custodial files of, any Individual Defendant concerning any J&J Powder Product, talc, asbestos, asbestos minerals or elongate particles.

**RESPONSE:**    In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it seeks,

without any time limitation, documents related to (1) the vague term "elongate

mineral particles," (2) "asbestos" or "asbestos minerals" other than the six forms of

asbestos referenced in the First Amended Complaint and recognized by

government agencies and other organizations (chrysotile, tremolite asbestos,

actinolite asbestos, anthophyllite asbestos, amosite, and crocidolite), and (3) any

J&J products other than the talcum powder products Johnson's Baby Powder and

Shower-to-Shower.  Defendants further object to this Request to the extent it is

duplicative of prior Requests, including Request Nos. 35 and 51. Subject to and

without waiver of their general and specific objections, Defendants will produce

the Global Production, which includes documents responsive to this Request, and

Additional Documents responsive to this Request. Defendants reasonably believe

at this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance and proportionality.

**REQUEST NO. 113:**    All documents sent or received by, or in the
custodial files of, any Individual Defendant concerning mesothelioma or ovarian
cancer.

**RESPONSE:**    In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time. Defendants further object to this Request to the extent it is

duplicative of prior Requests, including Request Nos. 46 and 49. Subject to and

without waiver of their general and specific objections, Defendants will produce

the Global Production, which includes documents responsive to this Request, and

Additional Documents responsive to this Request. Defendants reasonably believe

at this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance and proportionality.

**REQUEST NO. 114:**   All documents sent or received by, or in the custodial files of, any Individual Defendant concerning William Ashton, Gavin Hildick-Smith, John Hopkins, Steven Mann, Michael Chudkowski or Heinz Eiermann.

**RESPONSE:**   In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time or topic.  Subject to and without waiver of their general and specific

objections, Defendants will produce the Global Production, which includes

documents responsive to this Request, and Additional Documents responsive to

this Request. Defendants reasonably believe at this time that documents may be

withheld on the basis of their objections to this Request, including on the basis of

relevance.

**REQUEST NO. 115:**   All documents sent or received by, or in the custodial files of, any Individual Defendant concerning J&J's reputation or consumer trust in J&J.

**RESPONSE:**   In addition to their general objections, Defendants object

to this Request on the grounds that it is not relevant, including because (1) it is not

limited in time, (2) of the overbreadth of the phrases "J&J's reputation" and

"consumer trust," and (3) it is not limited to the allegations at issue following the

Court's Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50).

Defendants further object to this Request to the extent it is duplicative of prior

Requests, including Request Nos. 19 and 20. Subject to and without waiver of their

general and specific objections, Defendants will produce the Global Production,

which includes documents responsive to this Request, and Additional Documents

responsive to this Request. Defendants reasonably believe at this time that

documents may be withheld on the basis of their objections, including on the basis

of relevance, and proportionality.

**REQUEST NO. 116:** All documents sent or received by, or in the custodial files of, any Individual Defendant concerning the CTFA, Imerys or Richard Zazenski.

**RESPONSE:** In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time. Defendants further object to this Request to the extent it is

duplicative of prior Requests, including Request Nos. 53–57. Subject to and

without waiver of their general and specific objections, Defendants will produce

the Global Production, which includes documents responsive to this Request, and

Additional Documents responsive to this Request. Defendants reasonably believe

at this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance and proportionality.

**REQUEST NO. 117:** All documents sent or received by, or in the custodial files of, any Individual Defendant concerning AMA, Bureau Veritas, Colorado School of Mines, McCrone Group, Forensic Analytical, William D. Longo, Materials Analytical Services, LLC, Dr. Fred Pooley or Dr. Alice M. Blount.

**RESPONSE:**        In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time.  Defendants further object to this Request to the extent it is

duplicative of prior Requests, including Request Nos. 61 and 107.  Subject to and

without waiver of their general and specific objections, Defendants will produce

the Global Production, which includes documents responsive to this Request, and

Additional Documents responsive to this Request. Defendants reasonably believe

at this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance.

**REQUEST NO. 118:**    All documents sent or received by, or in the
custodial files of, any Individual Defendant concerning the CRE, RJ Lee, Michael S.
Huncharek, Joshua E. Muscat or Matthew Sanchez.

**RESPONSE:**        In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time.  Defendants further object to this Request to the extent it is

duplicative of prior Requests, including Request Nos. 61 and 62.  Subject to and

without waiver of their general and specific objections, Defendants will produce

the Global Production, which includes documents responsive to this Request, and

Additional Documents responsive to this Request. Defendants reasonably believe

at this time that documents may be withheld on the basis of their objections to this

Request, including on the basis of relevance.

**REQUEST NO. 119:**    All documents sent or received by, or in the custodial files of, any Individual Defendant concerning Bailey Brand Consulting, Burson Cohen & Wolfe, Critical Mass, DDB, DeVries, Dezenhall, Edelman, IMC, Interpublic Group, Laurel Communications Group, Madison Direct Marketing, News America Marketing, Nielson, Omnicom Group, Razorfish, RF Binder, SGS, Syneos Health or Trident DMG.

**RESPONSE:**    In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time.  Defendants further object to this Request to the extent it is

duplicative of prior Requests, including Request No. 104.  Subject to and without

waiver of their general and specific objections, Defendants will produce the Global

Production, which includes documents responsive to this Request, and Additional

Documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of privilege and relevance.

**REQUEST NO. 120:**    All reports concerning J&J by market, securities and financial analysts.

**RESPONSE:**    In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time.  Defendants further object to this Request to the extent it is

duplicative of prior Requests, including Request No. 18.  Subject to and without

waiver of their general and specific objections, Defendants will produce the Global

Production, which includes documents responsive to this Request, and Additional

23

Documents responsive to this Request.  Defendants reasonably believe at this time

that documents may be withheld on the basis of their objections to this Request,

including on the basis of relevance.

**REQUEST NO. 121:**    To the extent not produced in response to other
requests, all documents concerning J&J's decision to discontinue talc-based
Johnson's Baby Powder in North America, including, but not limited to: (a) all draft
statements concerning the decision; (b) all documents concerning the reason or
reasons for the decision; (c) documents sufficient to identify who was involved in the
decision; and (d) documents sufficient to identify when the decision was made.

**RESPONSE:**        In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time. Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Defendants also object to this Request to the

extent it is duplicative of prior Requests, including Request No. 30.  Subject to and

without waiver of their general and specific objections, Defendants will produce

only the Global Production, which will include documents responsive to this

Request.  Defendants reasonably believe at this time that documents may be

withheld on the basis of their objections to this Request, including on the basis of

privilege, relevance, and proportionality.

**REQUEST NO. 122:**    All documents considered by J&J in coming to the
decision to discontinue talc-based Johnson's Baby Powder in North America,
including any such documents that are from years prior to the decision.

**RESPONSE:**        In addition to their general objections, Defendants object

to this Request to the extent it is not relevant, including to the extent it is not

limited in time. Defendants further object to this Request to the extent it is not

proportional to the needs of the case, including to the extent it seeks documents not

included in the Global Production.  Defendants also object to this Request to the

extent it is duplicative of prior Requests, including Request Nos. 30 and 121.

Subject to and without waiver of their general and specific objections, Defendants

will produce only the Global Production, which will include documents responsive

to this Request.  Defendants reasonably believe at this time that documents may be

withheld on the basis of their objections to this Request, including on the basis of

privilege, relevance, and proportionality.

Dated: June 22, 2020

Respectfully submitted,

/s/ Jack N. Frost, Jr. Esq.

Jack N. Frost, Jr. Esq.
**FAEGRE DRINKER
BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7338
jack.frost@faegredrinker.com

Walter C. Carlson (admitted *pro hac vice*)
Kristen R. Seeger (admitted *pro hac vice*)
John M. Skakun III (admitted *pro hac vice*)
Christopher Y. Lee (admitted *pro hac vice*)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
wcarlson@sidley.com
kseeger@sidley.com
jskakun@sidley.com
chris.lee@sidley.com

Robert M. Stern (admitted *pro hac vice*)
**ORRICK HERRINGTON & SUTCLIFF LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-1706
rstern@orrick.com

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I, Jack N. Frost, hereby certify that on June 22, 2020, I caused the foregoing **Defendants' Objections and Responses to Lead Plaintiff's Third Set of Requests for Production of Documents** to be served by email on the following counsel:

<u>*Counsel for Lead Plaintiff:*</u>

James E. Cecchi (jcecchi@carellabyrne.com)
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700

Darren J. Robbins (darrenr@rgrdlaw.com)
Arthur C. Leahy (artl@rgrdlaw.com)
Robert R. Henssler Jr. (bhenssler@rgrdlaw.com)
Nathan R. Lindell (nlindell@rgrdlaw.com)
Hillary B. Stakem (hstakem@rgrdlaw.com)
Matthew J. Balotta (mbalotta@rgrdlaw.com)
Alexander Mendoza (amendoza@rgrdlaw.com)
Laura Andracchio (landracchio@rgrdlaw.com)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058

<u>*Counsel for Defendants:*</u>

Walter C. Carlson (wcarlson@sidley.com)
Kristen R. Seeger (kseeger@sidley.com)
John M. Skakun III (jskakun@sidley.com)
Christopher Y. Lee (chris.lee@sidley.com)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

Robert M. Stern ([rstern@orrick.com](mailto:rstern@orrick.com))
**ORRICK HERRINGTON & SUTCLIFF LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-1706

Dated: June 22, 2020                    _/s/_ Jack N. Frost, Jr. Esq.