# EXHIBIT 9

Jack N. Frost, Jr. Esq.
**FAEGRE DRINKER BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
(973) 549-7338
jack.frost@faegredrinker.com

*Counsel for Defendants*

[Additional counsel appear on signature page]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK HALL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOHNSON & JOHNSON et al.,<br><br>　　　　　　　　　Defendants. | No. 3:18-cv-01833-FLW-TJB<br><br>**DEFENDANTS' OBJECTIONS TO LEAD PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, and the Local Rules of the United States District Court for the District of New Jersey, Defendants Johnson & Johnson ("J&J"), Alex Gorsky, Carol Goodrich, Joan Casalvieri, and Tara Glasglow (collectively, "Defendants") object to the Fourth Set of Requests for Production of Documents to all Defendants (the "Requests") from Lead Plaintiff San Diego County Employees Retirement Association.

## **GENERAL OBJECTIONS**

1. Defendants object to the Requests, including the Definitions, Instructions, and production specifications, to the extent they seek to impose duties upon Defendants not required by the Federal Rules, the Local Rules, the Discovery Confidentiality Order (ECF No. 66), the Stipulation Regarding Production of Documents and ESI (ECF No. 76), and/or any other applicable rules, orders, or agreements of the parties.

2. Defendants object to the Requests and Definitions to the extent they are overbroad, disproportionate, vague, or otherwise cause any Request to be subject to any of these general objections. In particular, Defendants object to Definition 11 as overbroad and disproportionate, including to the extent it defines "Johnson & Johnson" as including, among other things, J&J's "subsidiaries," "agents," and "accountants and advisors, and all other persons acting or purporting to act on [J&J's] behalf." Defendants also object to Definition 13.

3. Defendants object to the Requests to the extent they seek the production of documents that are not in their possession, custody, or control.

4. Defendants object to the Requests to the extent they seek documents protected from discovery by the attorney-client privilege, common interest privilege, the work product doctrine, Federal Rule of Evidence 408, or any other applicable privilege, protection, immunity, law, or rule. Any production by

2

Defendants of such protected documents is inadvertent and shall not be construed to constitute a waiver.

5. Defendants object to the Requests to the extent that they seek documents not relevant to the claims remaining in this case following the Court's Opinion and Order dated December 27, 2019 (ECF Nos. 49 and 50). By submitting these objections, Defendants do not concede that any allegation is relevant to the remaining claims, or that any such claim has merit.

6. Defendants' objections are based on their current knowledge and understanding of the facts, and the best information currently available. Defendants reserve the right to amend these objections.

## SPECIFIC OBJECTIONS

**REQUEST NO. 123:** To the extent not produced in response to other requests, all documents concerning J&J's decision to execute the Texas Two Step, including but not limited to: (a) all draft statements concerning the decision; (b) all documents concerning the reason or reasons for the decisions; (c) documents sufficient to identify who was involved in the decision; and (d) documents sufficient to identify when the decision was made.

**RESPONSE:** In addition to their general objections, Defendants object to this Request as not relevant and as disproportionate. Defendants will not produce documents in response to this Request.

**REQUEST NO. 124:** All Documents considered by J&J in coming to the decision to execute the Texas Two Step.

**RESPONSE:** In addition to their general objections, Defendants object to this Request as not relevant and as disproportionate. Defendants will not

3

produce documents in response to this Request.

Dated: February 11, 2022          Respectfully submitted,

<u>/s/ Jack N. Frost, Jr. Esq.</u>

Jack N. Frost, Jr. Esq.
**FAEGRE DRINKER**
**BIDDLE & REATH LLP**
600 Campus Drive
Florham Park, NJ 07932
(973) 549-7338
jack.frost@faegredrinker.com

Walter C. Carlson (*pro hac vice*)
Kristen R. Seeger (*pro hac vice*)
John M. Skakun III (*pro hac vice*)
Christopher Y. Lee (*pro hac vice*)
Neil H. Conrad (*pro hac vice*)
Abigail B. Molitor (*pro hac vice*)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
wcarlson@sidley.com
kseeger@sidley.com
jskakun@sidley.com
chris.lee@sidley.com
nconrad@sidley.com
amolitor@sidley.com

Robert M. Stern (*pro hac vice*)
**ORRICK HERRINGTON & SUTCLIFF LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
(202) 339-1706
rstern@orrick.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I, Jack N. Frost, hereby certify that on February 11, 2022, I caused the foregoing **Defendants' Objections to Lead Plaintiff's Fourth Set of Requests for Production of Documents** to be served by email on the following counsel for Lead Plaintiff:

James E. Cecchi (jcecchi@carellabyrne.com)
**CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

Darren J. Robbins (darrenr@rgrdlaw.com)
Arthur C. Leahy (artl@rgrdlaw.com)
Tor Gronborg (torg@rgdlaw.com)
Robert R. Henssler Jr. (bhenssler@rgrdlaw.com)
Nathan R. Lindell (nlindell@rgrdlaw.com)
Hillary B. Stakem (hstakem@rgrdlaw.com)
Matthew J. Balotta (mbalotta@rgrdlaw.com)
Laura Andracchio (landracchio@rgrdlaw.com)
Joseph J. Tull (jtull@rgrdlaw.com)
**ROBBINS GELLER RUDMAN & DOWD LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

Dated: February 11, 2022                              */s/* Jack N. Frost, Jr. Esq.

5