## Exhibit A

Proposed Preliminary Injunction Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

In re:

LTL MANAGEMENT LLC,[1]

    Debtor.

LTL MANAGEMENT LLC,

    Plaintiff,

v.

SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION, Individually and on Behalf of All Others Similarly Situated,

    Defendants.

Chapter 11

Case No.: 21-30589 (MBK)

Judge: Michael B. Kaplan

Adv. Proc. No. 22-01073 (MBK)

## ORDER GRANTING THE DEBTOR'S
## REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

    The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

This matter coming before the Court on the *Debtor's Verified Complaint for Injunctive Relief (I) Preliminarily Enjoining the Prosecution of the Securities Class Action and (II) Granting a Temporary Restraining Order Pending a Final Hearing* (the "Complaint") and the *Debtor's Motion for an Order (I) Preliminarily Enjoining the Prosecution of the Securities Class Action and (II) Granting a Temporary Restraining Order Pending a Final Hearing* (the "Motion"),[2] both filed by the above-captioned plaintiff and debtor (the "Debtor"); the Court having considered (a) the Complaint, (b) the Motion, (c) the Kim Declaration, and (d) the Prior Declarations; and the Court having heard the arguments of counsel and considered the evidence presented at a hearing on _____ (the "Hearing"), the Court finds and concludes as follows:

## Background, Jurisdiction and Venue

A.  This adversary proceeding involves *Hall v. Johnson & Johnson*, No. 3:18-cv-01833-FLW-TJB (D.N.J.) (the "Securities Action"), a securities action pending in the United States District Court for the District of New Jersey.

B.  The Plaintiff in this adversary proceeding is Debtor LTL Management LLC. The Defendants in this adversary proceeding are members of a putative plaintiff class in the Securities Action (the "Securities Claimants"). The current defendants in the Securities Action are: (i) Johnson & Johnson ("J&J"); (ii) Alex Gorsky, Executive Chairman of J&J; and (iii) Carol Goodrich, Joan Casalvieri, Ph.D. and Tara Glasgow, all three of whom are former employees of Old JJCI, the Debtor's predecessor.

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

-2-

C. The Debtor seeks, pursuant to section 105(a) of the Bankruptcy Code, an order prohibiting the Defendants from continuing to prosecute the Securities Action against the Third-Party Securities Defendants.

D. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Bankruptcy Rule 7008, the Debtor has consented to the entry of final orders or a final judgment by this Court in this adversary proceeding. Venue for this matter is proper in this District pursuant to 28 U.S.C. § 1409.

### Request for Preliminary Injunction

E. The Debtor has satisfied the four-prong test for the issuance of a preliminary injunction applied in the Third Circuit.

F. *Likelihood of Success on the Merits.* As this Court has previously determined, there is a reasonable likelihood that the Debtor will succeed on the merits by successfully reorganizing in chapter 11, including by confirming a plan that will establish a trust pursuant to sections 105 and/or 524(g) of the Bankruptcy Code to resolve the Talc Claims.[3] The Debtor has filed its Chapter 11 Case in good faith, and it intends to engage in good-faith negotiations with representatives for current and future claimants regarding a plan of reorganization. The Debtor has sufficient resources to support its reorganization and the creation of a trust to resolve its talc-related liabilities.

G. *Irreparable Injury.* Failure to enjoin prosecution of the Securities Claims would cause irreparable harm to the Debtor and defeat the purpose of the Chapter 11 Case.

---

[3] Talc Claims include all claims relating in any way to talc or talc-containing materials that formerly were asserted against (or that could have been asserted against) former Johnson & Johnson Consumer, Inc. ("Old JJCI") on any theory of liability (whether direct, derivative, joint and several, successor liability, vicarious liability, fraudulent or voidable transfer or conveyance, alter ego or otherwise).

-3-

The Securities Claims are inherently intertwined with the Talc Claims at the heart of the restructuring and threaten to interfere with the Chapter 11 Case, denying the Debtor the protections of chapter 11 and the opportunity to complete its reorganization.  The Securities Claims are, at their core, factually derivative of the Talc Claims, and they have substantial potential to generate an evidentiary record that impacts the Talc Claims and disrupts the Debtor's reorganization.  Permitting the litigation of the Securities Claims risks determining the key factual issues underlying both the Securities Claims and the Talc Claims in two different courts in the same judicial district and creating a record that would materially prejudice the Debtor's interests, interfere with its restructuring and impede negotiations with the Debtor's stakeholders and the establishment of a bankruptcy trust, thereby undermining the goals of the Chapter 11 Case.

        H.     *Balance of the Harms.*  The balance of harms supports granting the preliminary injunction.  While a preliminary injunction would spare the Debtor significant harm, it would only temporarily delay resolution of the Securities Action, which is a complex securities case that has already been pending for over four years.

        I.     *Public Interest.*  Granting a section 105 injunction will maximize the potential for the Debtor's successful reorganization and is thus entirely in the public interest.  The public has an especially strong interest in successful reorganizations in the mass tort context.  Further, permitting the Securities Action to continue against the Third-Party Securities Defendants would jeopardize the very purpose of the Chapter 11 Case and thereby undermine the public interest.

        **Based on these findings and conclusions, IT IS HEREBY ORDERED THAT:**

    1.     The Motion is GRANTED.

2. The Defendants are prohibited and enjoined, pursuant to section 105 of the Bankruptcy Code, from continuing to prosecute the Securities Action against any of the Third-Party Securities Defendants for the period this Order is effective pursuant to paragraph 8, below. This injunction includes, without limitation: (a) the pursuit of discovery from the Third-Party Securities Defendants or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the Third-Party Securities Defendants; and (c) further motions practice related to the foregoing.

3. Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security pursuant to Civil Rule 65(c).

4. This Order shall be immediately effective and enforceable upon its entry.

5. This Order shall toll any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement that fixes a period under which an enjoined Securities Claimant is required to continue the prosecution of the Securities Action until the later of: (a) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (b) 30 days after notice of the termination or expiration of the preliminary injunction issued by this Order.

6. The Debtor shall cause a copy of this Order to be served via email, facsimile, hand delivery, or overnight carrier on counsel for the Securities Claimants, the official committee of talc claimants appointed in the Chapter 11 Case and the office of the United States Trustee within three business days of its entry on the Court's docket.

7. This Order shall be promptly filed in the Clerk of Court's office and entered into the record, and it shall remain effective for the period through and including 30 days

after the effective date of a confirmed plan of reorganization in the Chapter 11 Case that is no longer subject to appeal or discretionary review.

        8.     This Court retains exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.