**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**WOLLMUTH MAHER & DEUTSCH LLP**
Paul R. DeFilippo, Esq.
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
pdefilippo@wmd-law.com

**JONES DAY**
Gregory M. Gordon, Esq.
Brad B. Erens, Esq.
Dan B. Prieto, Esq.
Amanda Rush, Esq.
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
gmgordon@jonesday.com
bberens@jonesday.com
dbprieto@jonesday.com
asrush@jonesday.com
(Admitted *pro hac vice*)

*ATTORNEYS FOR DEBTOR*

Order Filed on May 9, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br>LTL MANAGEMENT LLC,[1]<br>    Debtor. | Chapter 11<br>Case No.: 21-30589 (MBK)<br>Judge: Michael B. Kaplan |
| LTL MANAGEMENT LLC,<br>    Plaintiff,<br>v.<br>SAN DIEGO COUNTY EMPLOYEES RETIREMENT ASSOCIATION, Individually and on Behalf of All Others Similarly Situated,<br>    Defendants. | Adv. Proc. No.: 22-01073 (MBK)<br>Hearing Date: April 12, 2022 |

## ORDER (I) DECLARING THAT AUTOMATIC STAY APPLIES TO PUTATIVE SECURITIES CLASS ACTION AND (II) ISSUING PRELIMINARY INJUNCTION

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: May 9, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Page 2)
Debtor: LTL Management LLC
Case No. 22-01073-MBK
Caption: Order (I) Declaring That Automatic Stay Applies to Putative Securities Class Action and (II) Preliminarily Enjoining Action

This matter coming before the Court on the *Debtor's Verified Complaint for Injunctive Relief (I) Preliminarily Enjoining the Prosecution of the Securities Class Action and (II) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Dkt. 1] (the "Complaint") and the *Debtor's Motion for an Order (I) Preliminarily Enjoining the Prosecution of the Securities Class Action and (II) Granting a Temporary Restraining Order Pending a Final Hearing* [Adv. Dkt. 2] (the "Motion"),[2] both filed by the above-captioned plaintiff and debtor (the "Debtor"); the Court having considered (i) the submissions of the parties, including the Complaint, the Motion, *San Diego County Employees Retirement Association's Opposition to Debtor's Motion for a Preliminary Injunction* [Adv. Dkt. 46]; and the *Debtor's Reply in Support of Motion for an Order (I) Preliminarily Enjoining the Prosecution of Putative Securities Class Action and (II) Granting a Temporary Restraining Order Pending a Further Hearing* [Adv. Dkt. 47], (ii) the arguments set forth on the record at a hearing held on April 12, 2022, and (iii) the evidence submitted by the parties, including declarations and exhibits filed with or presented to the Court; and the Court having issued the *Memorandum Opinion* [Adv. Dkt. 52], which is incorporated herein by reference, containing the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 65(d), and the Court having determined that its decision finally resolves this adversary proceeding in accordance with Fed. R. Civ. P. 65(a)(2), **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, and the Adversary Proceeding is resolved in favor of the Debtor. All objections to the relief granted herein are OVERRULED.

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

(Page 3)
Debtor: LTL Management LLC
Case No. 22-01073-MBK
Caption: Order (I) Declaring That Automatic Stay Applies to Putative Securities Class Action and (II) Preliminarily Enjoining Action

2. The Defendants are prohibited and enjoined, pursuant to sections 105 and 362 of the Bankruptcy Code, from continuing to prosecute the Securities Action against any of the Third-Party Securities Defendants for the period this Order is effective pursuant to paragraphs 7 and 8, below. This injunction includes, without limitation: (a) the pursuit of discovery from the Third-Party Securities Defendants or their officers, directors, employees or agents; (b) the enforcement of any discovery order against the Third-Party Securities Defendants; and (c) further motions practice related to the foregoing.

3. Pursuant to Bankruptcy Rule 7065, the Debtor is relieved from posting any security pursuant to Civil Rule 65(c).

4. This Order shall be immediately effective and enforceable upon its entry.

5. This Order shall toll as of the date hereof all deadlines in the Securities Action, whether pursuant to any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement, until the later of: (a) the expiration of such deadline, including following any suspension of such deadline occurring on or after the commencement of the case; or (b) 30 days after notice of the termination or expiration of the preliminary injunction issued by this Order.

6. The Debtor shall cause a copy of this Order to be served via email, facsimile, hand delivery, or overnight carrier on counsel for (a) the Securities Claimants, (b) the Third-Party Securities Defendants, (c) the official committee of talc claimants appointed in the Chapter 11 Case, (d) the legal representative for future talc claimants appointed in the Chapter 11 Case and (e) the office of the United States Trustee within three business days of its entry on the Court's docket.

(Page 4)
Debtor: LTL Management LLC
Case No. 22-01073-MBK
Caption: Order (I) Declaring That Automatic Stay Applies to Putative Securities Class Action and (II) Preliminarily Enjoining Action

7. This Order shall be promptly filed in the Clerk of Court's office and entered into the record, and, except as the Court may otherwise determine, it shall remain effective for the period through and including 30 days after the effective date of a confirmed plan of reorganization in the Chapter 11 Case that is no longer subject to appeal or discretionary review.

8. The Court will revisit continuation of the automatic stay and preliminary injunction ordered herein with respect to the Securities Action on June 29, 2022, and approximately every 120 days thereafter in conjunction with the Court's periodic review of the injunctive relief granted in the Court's Order entered on March 4, 2022 [Adv. Pro. 21-03032, Dkt. 187] with respect to the Enjoined Talc Claims (as defined in such Order).

9. This Court shall have exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation or enforcement of this Order.